WASLEY (Vernice), personally and as the personal representative of Leon V. Wasley, deceased, Appellant, v. KOSMATKA, Respondent.*

*No. 32. Argued March 1, 1971.—Decided April 2, 1971.*
(Also reported in 184 N. W. 2d 821.)

* Motion for rehearing denied, with costs, on June 2, 1971.

For the appellant there was a brief by *Goldberg, Previant & Uelmen* of Milwaukee, and oral argument by *Arthur J. Goldberg.*

For the respondent there was a brief by *Straub & Lemke,* attorneys, and *John A. Hamell, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Hamell.*

WILKIE, J. The only issue presented on this appeal is the applicability of the "safe-place statute" to the case. Specifically, the question is whether secs. 101.01 (3) and 101.06, Stats., are applicable. When plaintiff requested Wisconsin civil jury instruction No. 1900 "Safe Place Statute: Injury to Frequenter: Negligence of Employer or Owner," the trial court ruled that the instruction was not applicable. The court affirmed this ruling in motions after verdict.

Plaintiff's theory, briefly summarized, is as follows: Although plaintiff has recovered workmen's compensation for the injuries of her deceased husband, the statutes provide for independent tort actions against a

negligent third party. Defendant is an officer of the deceased's corporate employer; however, at the time of the accident he was acting in the capacity of a co-employee, not in his capacity as president of the corporate employer, and the defendant is therefore subject to a third-party action.[1] In regard to this negligence action, plaintiff's theory continues, she has a right to hold the defendant not only to the standard of care as to ordinary negligence, but also to the increased standard of care prescribed by sec. 101.06 of the safe-place statute, since defendant comes within the language of sec. 101.01 (3) defining "employer." The defendant by his status of corporate president had the type of supervisory control of the employment and place of employment which is contemplated by sec. 101.01 (3). Plaintiff concludes that the refusal to give the requested safe-place instruction was, therefore, prejudicial error.

The trial court refused to apply sec. 101.06, Stats., and reasoned that the "safe-place" duty was the duty of the employer, not defendant personally. In its decisions on motions after verdict, the court noted:

"The court's previous rulings in this matter clearly indicate its own disposition in the matter. The logic of the plaintiff's position is not attacked. It appears to me that it is as much as anything a policy decision; taking the words literally and giving them the full amplitude that the plaintiff would have this court give to the statute, he has spelled out a right under safe place statute; the fact that this is unique, the fact that it has never been presented before, the fact that the supreme court has not ruled upon the question should not necessarily bar the plaintiff from prosecuting this case on that new theory.

---

[1] For a recent third-party action against a co-employee, *see Zimmerman v. Wisconsin Electric Power Co.* (1968), 38 Wis. 2d 626, 157 N. W. 2d 648. Wisconsin has not decided whether a third-party action can be brought against an officer in his capacity of co-employee. For a general discussion of this question, *see* 2 Larson, *Law of Workmen's Compensation*, p. 179, sec. 72.10.

"This court is denying it on the grounds that this very substantially expands the theory of tort. . . . [I]f, in fact, it is a sound doctrine of expanding tort liability, then it will have to be appreciated by affirmative action on the part of the supreme court."

To recognize a third-party action assessing a "safe-place" standard of care against an individual defendant who also is an officer of the corporation (which is the employer for workmen's compensation benefits) would allow the plaintiff to circumvent the immunity that is granted an employer by the workmen's compensation statute.[2]

True, the workmen's compensation statute provides that an employee's right of action against third persons is not abrogated by the workmen's compensation statute.[3] Although the workmen's compensation statute contemplates that an employee can bring his third-party-negligence action against a co-employee, the precise question presented here is whether in suing a corporate officer in his capacity as a co-employee, the plaintiff can impose on defendant the increased standard of care that the safe-place law imposes on an "employer" under secs. 101.01 (3) and 101.06, Stats. We think not.

The history and purpose of the safe-place statute must be considered in conjunction with the terms of the Workmen's Compensation Act, which legislation the safe-place statute was created to complement. While the safe-place statute concerned itself, as pertinent here, with conditions of employment, as distinguished from the Workmen's Compensation Law, it recognized that violation of the standard of the safe-place law was first necessary in order to apply the increased standard of care imposed by sec. 101.06, Stats. While fault was required in order

---

[2] Sec. 102.03 (2), Stats.

[3] Sec. 102.29, Stats. The safe-place statute has no effect on this restriction. *Saxhaug v. Forsyth Leather Co.* (1948), 252 Wis. 376, 382, 383, 31 N. W. 2d 589.

to gain recovery under the safe-place statute, the rules of fault and causation were dropped out under the workmen's compensation legislation which allowed an employee to recover from his employer irrespective of whether there was fault and causation. In the early case of *Puza v. C. Hennecke Co.*,[4] this court pointed to the essential relationship of the safe-place statute and Workmen's Compensation Law by stating:

". . . These [safe-place] statutes are quite drastic, but there is no mistaking the legislative intention. The remedy of the employer is to bring himself within the Workmen's Compensation Law. Statutes mentioned were intended to make it uncomfortable for employers who fail to come in under the Compensation Act."[5]

The legislature created an added incentive for the employer to comply with the higher standard imposed by the safe-place statute by providing an additional 15 percent compensation when an employee's injuries are the result of the employer's violation of a safety statute.[6] This action further indicates the complementary relationship of the two statutes. Both are designed to hold the employer liable for injuries to his employees which arise from the profit-making business of the employer, with the employer, through insurance and the setting of prices, passing the cost on to the public generally as part of the cost of producing the products they use. The safe-place

[4] (1914), 158 Wis. 482, 149 N. W. 223. *See also: Sadowski v. Thomas Furnace Co.* (1914), 157 Wis. 443, 146 N. W. 770.

[5] *Puza v. C. Hennecke Co., supra*, footnote 4, at page 486.

[6] Sec. 102.57, Stats. The employee may also be similarly penalized for his failure to use prescribed safety devices or to comply with reasonable safety rules. Sec. 102.58, Stats. The adoption of percentage penalties for employer or employee misconduct, rather than subjecting the employer to common-law tort actions or the employee to loss of benefits, is gaining increased acceptance as the best method of penalizing misconduct of either party consistent with the theory of workmen's compensation. *See* Larson, *supra*, footnote 1, at pages 164.21–164.23, sec. 70.

statute is designed to hold the employer, as distinguished from its agent, liable for a breach of the duties which are imposed by that statute. The employer must provide his employees with a safe place to work, *i.e.*, safe conditions.[7] The working conditions must be as safe as the nature of the place of employment reasonably permits,[8] although the employer does not become an insurer thereby.[9] The duty imposed does not guarantee safety,[10] thereby guaranteeing recovery for injuries; the Workmen's Compensation Act does that.

The duty to provide safe working conditions is nondelegable,[11] and includes providing reasonably safe equipment[12] for the execution of employment tasks and competent fellow workers.[13] While the employer must be shown to have had knowledge of the unsafe condition,[14] this knowledge may be constructive as well as actual.[15] All of these constructions of the statute indicate that it is the employer who is liable, rather than an agent of the employer. These constructions on the statute, in combination with the provision providing for extra compensation when the safe-place statute is violated, assure that the underlying policy of the statute will not be circumvented by defenses of delegation or lack of notice. Hence sec. 101.01 (3), Stats., is to be

[7] *Gilson v. Drees Brothers* (1963), 19 Wis. 2d 252, 120 N. W. 2d 63.

[8] *Zernia v. Capitol Court Corp.* (1963), 21 Wis. 2d 164, 124 N. W. 2d 86, 125 N. W. 2d 705.

[9] *Raim v. Ventura* (1962), 16 Wis. 2d 67, 113 N. W. 2d 827.

[10] *Id.*

[11] *Tiemann v. May* (1940), 235 Wis. 100, 292 N. W. 612.

[12] *Venden v. Meisel* (1957), 2 Wis. 2d 253, 85 N. W. 2d 766; *Massy v. Milwaukee Electric Ry. & Light Co.* (1910), 143 Wis. 220, 126 N. W. 544.

[13] *Serdan v. Falk Co.* (1913), 153 Wis. 169, 140 N. W. 1035.

[14] *See e. g., Pettric v. Gridley Dairy Co.* (1930), 202 Wis. 289, 293, 232 N. W. 595.

[15] *Uhrman v. Cutler-Hammer, Inc.* (1957), 2 Wis. 2d 71, 72, 85 N. W. 2d 772.

construed as merely providing access to the employer through his agents.

In support of her position, plaintiff points to two cases. In *Hoeverman v. Feldman*,[16] the president of the corporate employer carelessly directed the plaintiff employee to operate a machine in a particular manner and the employee was injured. The court held that the officer could be held liable for his failure to exercise ordinary care toward an employee to whom, under the circumstances of the case, he owed a duty. The president was held liable under common-law standards, however, the safe-place statute not being considered.

In *Eau Claire Electric Co-op. v. Industrial Comm.*[17] an employee of a power company was injured when splicing a power line which, because of assurances of his foreman, he thought was de-energized. The court held the employee entitled to extra compensation pursuant to sec. 102.57, Stats., because of the foreman's failure to use a proper method for determining the status of the power line. The court noted that the employer may be held liable for the acts of his supervisory personnel.[18] In making this latter determination the court stated:

"The definition of 'employer' in sec. 101.01 (3), Stats., indicates that the legislature intended that the duties imposed upon the proprietor by sec. 101.06 were also imposed upon a person to whom the proprietor had delegated control of its employees."[19]

The context in which this statement was made would seem to indicate that the court was noting that the

[16] (1936), 220 Wis. 557, 265 N. W. 580.

[17] (1960), 10 Wis. 2d 209, 102 N. W. 2d 274.

[18] *See also: Wisconsin Bridge & Iron Co. v. Industrial Comm.* (1959), 8 Wis. 2d 612, 99 N. W. 2d 817.

[19] *Eau Claire Electric Co-op. v. Industrial Comm., supra,* footnote 17, at pages 216, 217.

statutory language was designed to reach the *employer* through his agents.

This is an entirely reasonable interpretation given the history and purpose of the safe-place statute. This statutory language does not recognize that any supervisory personnel may be held *personally* liable.

Assuming that any person who fits the definition of "employer" in sec. 101.01 (3), Stats., may be personally liable, the potential consequences of such a decision should be considered. While the injured employee is recovering workmen's compensation from the employer, under this assumption he would also be recovering in tort indirectly against that same employer. This would work a clear circumvention of the exclusive remedy provision of the Workmen's Compensation Law. We think that an employee's proper remedy is intended to be increased compensation pursuant to sec. 102.57, Stats.

*By the Court.*—Judgment affirmed.