KRUSE and others, Respondents, v. SCHIEVE, Appellant: TEXTILE MACHINERY, INC., Defendant.

*No. 218. Submitted under sec. (Rule) 251.54 October 31, 1973.—Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 64.)

For the appellant the cause was submitted on the brief of *Godfrey, Neshek & Worth, S. C.*, of Elkhorn.

For the respondents the cause was submitted on the brief of *Campbell, Brennan, Steil & Ryan, S. C.*, of Janesville.

ROBERT W. HANSEN, J. Appellant demurred on the ground that the exclusive remedy provision [1] of the Workmen's Compensation Act bars a third-party action against a corporate officer for acts done as an officer of the corporation. Appellant concedes that such third-party action may be brought against a coemployee for breach of a common-law duty to exercise ordinary care [2]

[1] Sec. 102.03 (2), Stats., providing: "Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the workmen's compensation insurance carrier."

[2] *Wasley v. Kosmatka* (1971), 50 Wis. 2d 738, 741, 184 N. W. 2d 821; *Hoeverman v. Feldman* (1936), 220 Wis. 557, 265 N. W. 580; *McGonigle v. Gryphan* (1930), 201 Wis. 269, 229 N. W. 81. *See also: Zimmerman v. Wisconsin Electric Power Co.* (1968), 38 Wis. 2d 626, 157 N. W. 2d 648. *See also: Lampada v. State Sand & Gravel Co.* (1973), 58 Wis. 2d 315, 318, 319, 206 N. W. 2d 138, stating: "However, an action against a supervisory *co-employee* for negligence under common-law standards has been permitted. Such claim for damages . . . must be based upon common-law

but reads this complaint as directed against a corporate officer as such officer, and not as a coemployee.

Respondents counter by contending that "whether the complaint alleges that Schieve was guilty of negligence as a coemployee, or as an officer of the corporation, or in both capacities is a matter of construction." From this three-directional launching pad, respondents argue that (1) a third-party action can be brought against a corporate officer as such officer; (2) that a corporate officer is, ipso facto, a coemployee; and (3) that acts of negligence are alleged against defendant Schieve as a coemployee. Three separate questions are thus asked.

I. *May a third-party action be brought against a corporate officer for acts committed as such corporate officer?*

The position of respondents is that "Since a corporate officer can be sued in his capacity as a coemployee, there is no logical reason why he should be exempt from personal liability for negligent acts committed as a corporate officer." Two Wisconsin cases are cited in support of this suggestion. Both permit third-party actions against corporate officers only when such officer has doffed the cap of corporate officer, and donned the cap of a coemployee. In one, the *Hoeverman Case*,[3] it was alleged that the president of a corporation carelessly directed a plaintiff employee to operate a machine in a particular manner and the employee was injured. This court held that the corporate officer could be held liable, not for his acts as a corporate president, but for his failure at common law as a coemployee, to exercise ordinary care toward a fellow employee to whom, under

failure to exercise ordinary care toward an employee to whom, *under the circumstances, a duty was owed. . . ."* (Emphasis supplied.)

[3] *Hoeverman v. Feldman, supra.*

the special circumstances of the case, he owed a duty.[4] In the second case relied upon, the *Wasley Case*,[5] a corporate officer negligently operated a boom truck which caused the death of the employee. Recovery under the safe-place statute [6] was denied, this court holding that the duty to provide safe working conditions (including reasonably safe equipment) is upon the employer,[7] and nondelegable.[8] The decision makes clear that while the defendant was a corporate officer ". . . however, at the time of the accident he was acting in the capacity of a coemployee, not in his capacity as president of the corporate employer, and the defendant is *therefore* subject to a third-party action." [9] (Emphasis supplied.) Liability of a corporate officer in a third-party action must derive from acts done by such officer in the capacity of a coemployee, and may not be predicated upon acts done by such officer in his capacity as corporate officer.

II. *How does a corporate officer become also a coemployee?*

Respondents argue that the status of coemployees comes to a corporate officer or supervisory employee by the nature of the management delegated duties and responsibilities of such officer or supervisor. As their

---

[4] *Id.* at page 561, stating: ". . . [W]e think it clear that one who has the general management and supervision of the affairs of a manufacturing company and who, while managing and supervising its affairs, assumes to direct and order an employee as to the manner in which a machine shall be operated, owes to such employee the duty of exercising ordinary care to give proper directions and orders regarding the operation of such a machine, and that his failure to exercise such care constitutes negligence for which he may be held individually liable . . . ."

[5] *Wasley v. Kosmatka, supra.*

[6] Sec. 101.06, Stats. 1967.

[7] *Wasley v. Kosmatka, supra,* at page 744.

[8] *Id.* at page 744.

[9] *Id.* at page 741.

brief puts it, "At least in this case it is submitted that the line dividing the duties of Schieve as a vice-president and those identifying him as a coemployee is a very thin one indeed and in fact should be ignored." Under that approach a vice-president in charge of production would become a coemployee of every production worker in the plant. A foreman would automatically become a coemployee of every worker on his shift under his supervision. Respondents cite a recent case, the *Pitrowski Case,*[10] as holding a company president to be a coemployee because of the broad scope of his executive responsibilities. But, in *Pitrowski,* the trucking company president and a supervisory employee were, the trial court found "engaged in loading the truck of W. P. Ryan and the accident was caused by the loading processes."[11] It was this finding of fact, unchallenged on appeal, upon which a third-party action against a fellow employee for common-law negligence rested.[12] Specifically reversed was a trial court conclusion that the duty owed by the corporate officer and supervisory employee to the injured worker "was to furnish employment that was 'safe,' a violation of which duty was negligence."[13] As to the duty to furnish a safe place of employment, we stated that this duty "is on the employer, here the corporate employer. It cannot be delegated to or placed upon Cullen and Larsen, as officers or em-

[10] *Pitrowski v. Taylor* (1972), 55 Wis. 2d 615, 201 N. W. 2d 52.

[11] *Id.* at page 627, this court stating: "In the case before us, the trial court included in its findings of fact a specific finding: 'That Leslie Taylor, Charles Larsen, and James Cullen . . . were engaged in loading the truck of W. P. Ryan and the accident was caused by the loading processes.' "

[12] *Id.* at page 627, this court stating, "For our purpose here, that finding of fact, unchallenged in the briefs on this appeal, is enough to make clear that this case fits into the category of a third-party suit against a fellow employee for acts of negligence . . . ."

[13] *Id.* at page 627.

ployees. Their liability must rest upon common-law failure to exercise ordinary care toward an employee to whom, under the circumstances, they owed a duty . . . ." [14]

The duty of proper supervision is a duty owed by a corporate officer or supervisory employee to the employer, not to a fellow employee. Under what circumstances can a duty be owed to a fellow employee additional to and different from the duty of proper supervision that is owed to the employer by a corporate officer or supervisory employee? Clearly something extra is needed over and beyond the duty owed the employer. In *Hoeverman*, that added element was provided by the company president directing a particular employee to operate a particular machine in a particular manner. [15] In *Wasley*, that additional factor was provided by the corporate officer actually driving the truck which caused the fatal injury. [16] In both cases we deal not with any general duty or responsibility owed the employer but an affirmative act which increased the risk of injury. In both cases the officer's or supervisory employee's affirmative act of negligence went beyond the scope of the duty of the employer, which is nondelegable, to "provide his employees with a safe place to work, *i.e.*, safe conditions." [17]

[14] *Id.* at page 627.

[15] *Hoeverman v. Feldman, supra.*

[16] *Wasley v. Kosmatka, supra.*

[17] *Id.* at page 744, 746, stating: ". . . The employer must provide his employees with a safe place to work, *i.e.*, safe conditions. The working conditions must be as safe as the nature of the place of employment reasonably permits, although the employer does not become an insurer thereby. The duty imposed does not guarantee safety, thereby guaranteeing recovery for injuries; the Workmen's Compensation Act does that.

"The duty to provide safe working conditions is nondelegable, and includes providing reasonably safe equipment for the execution of employment tasks and competent fellow workers.

If the corporate officer, in *Hoeverman,* had not personally directed the particular operation to be done in a particular manner, there would have been no basis for holding that he had become a coemployee and owed a common-law duty to a fellow employee under the circumstances. If the corporate officer, in *Wasley,* had not driven the truck that caused the injury, there would have been in that case no factual basis for finding him to have the status and duty of a fellow employee. If the company president and supervisory employee, in *Pitrowski,* had not been directly engaged in the truck loading that caused the injury, we see in that record no basis for holding either to have been coemployees with a common-law duty owed to the worker injured.

III. *Does this complaint state a cause of action against defendant as a coemployee and not in the capacity of corporate officer?*

The complaint alleges that the defendant "was an employee and vice-president" and "as an employee and vice-president . . . supervised the engineering and maintenance and production in the factory." It is impossible to determine whether the reference to his being an employee means that a vice-president is employed by a corporate employer, or that he had gone beyond the capacity of a company vice-president to assume the role and duties of a coemployee at the time and place of the accident. Respondents contend that the complaint states a cause of action "against Schieve in either capacity, as a corporate officer as well as a coemployee," adding

"...

". . . This statutory language does not recognize that any supervisory personnel may be held *personally* liable." (*Note:* While the construction is of the safe-place statute, sec. 101.06, Stats. 1967, the statements and cases cited are authority for holding that any duty of a corporate officer or supervisory employee as maintaining safe working conditions is a duty owed to the employer.)

that "It should make no difference as far as the demurrer is concerned." It does make a difference, and separating wheat from chaff is not made easy by the commingling in one cause of action of three bases for liability, two of which fall by the wayside.

Respondents correctly note in their brief that, "No motion to make more definite and certain was served upon the plaintiff and the complaint need only plead ultimate facts." One approach to unscrambling the omelet here would be to sustain the trial court order overruling defendant's demurrer, and return the case to the trial court. The defendant could then file a motion to make more definite and certain, seeking the deletion of allegations as to status, duty and claimed acts of negligence deriving from defendant's being a corporate officer. That course was followed in a recent case, the *Anderson Case*,[18] where, in a third-party action with members of an area committee and the area manager named as codefendants, an order overruling demurrer was sustained and the case was returned to the trial court to determine "whether or not the individual defendants herein are suable coemployees of Delbert E. Anderson [the injured employee]."[19] That let the complaint stand and deferred consideration of whether the arena committeemen and manager were being sued as officers or supervisory employees or, as was required for establishing liability, as coemployees of the injured employee to further proceedings in the trial court.

However, in the case before us, we have an admitted commingling of three different theories of the case in a single cause of action in a single complaint. We do not have three causes of action so that demurrers to two

[18] *Anderson v. Green Bay Hockey, Inc.* (1973), 56 Wis. 2d 763, 203 N. W. 2d 79.

[19] *Id.* at page 771.

could be sustained, demurrer to the third overruled and the matter proceed to trial. The commingling of theories is in effect an allegation of alternative theories in a single count. Such allegations are construed as pleading only the least, rather than the greatest allegation, and are fatally defective if the least allegation does not state a cause of action.[20] The defendant is entitled to answer or respond to a complaint that alleges solely negligence of the corporate officer, acting in the capacity of a coemployee, for failing to exercise ordinary care, under the circumstances, to a fellow employee under common-law negligence principles. We doubt that a motion to make more definite and certain can make one poached egg out of three eggs so completely scrambled. So we reverse the trial court overruling of the demurrer of defendant Schieve. Instead, we grant defendant's demurrer, with leave granted to the plaintiffs in this action to plead over and file an amended complaint.

*By the Court.*—Order reversed and cause remanded with directions to sustain the demurrer and grant plaintiffs leave to replead.

---

[20] *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. 2d 540, 131 N. W. 2d 331.