ORTMAN, Individually and as Special Administratrix of the Estate of Marc L. Ortman, deceased, and others, by their Guardian *ad litem*, Appellants, v. JENSEN & JOHNSON, INC., Defendant: TRULSON, Respondent. [Case No. 351.]

RYNNING, Individually and as Special Administrator of the Estate of James R. Rynning, deceased, and another, Appellants, v. JENSEN & JOHNSON, INC., Defendant: TRULSON, Respondent. [Case No. 352.]

*Nos. 351, 352. Argued January 3, 1975.—Decided February 4, 1975.*
(Also reported in 225 N. W. 2d 635.)

For the appellants there was a brief and oral argument by *Curtis M. Kirkhuff* of Madison.

For the respondent there was a brief by *Kluwin, Dunphy, Hankin & McNulty* of Milwaukee, and oral argument by *John A. Kluwin.*

CONNOR T. HANSEN, J.   Ortman and Rynning died on August 13, 1969. The appellant, Karen L. Ortman, is the

surviving widow of Marc L. Ortman, and special administratrix of his estate. Appellant, Harry C. Rynning, is the father of James R. Rynning, and special administrator of his estate. The actions for pain and suffering of the decedents and wrongful death were originally commenced solely against the design engineers for the project, Jensen and Johnson, pursuant to the third-party action section of the Workmen's Compensation Act, sec. 102.29, Stats. By amended summons and complaint, Kenneth Trulson (hereinafter respondent) was joined as a defendant in the actions by the appellants on March 21, 1973. The respondent was an officer and director of F. P. & T. Construction Company (hereinafter F. P. & T.), general contractor for the job, and employer of the decedents.

The respondent demurred to the amended complaints, alleging that the actions against him were not commenced within the three-year statute of limitations provided by sec. 893.205 (2), Stats., and in the alternative, that the amended complaints failed to state causes of action against the respondent.

By orders dated May 18, 1973, the trial court sustained the demurrers, finding that the six-year statute of limitations established in sec. 102.29, Stats., was not applicable to the instant actions. Therefore, the trial court did not consider the alternative grounds for demurrer which alleged the amended complaints failed to state a cause of action against the respondent.

The complaints allege that F. P. & T. entered into a contract with the village of Darien as general contractor for the construction of sewer and water extensions. Pursuant to the contract, the decedents and the respondent were engaged in installng a pipe in a trench on August 13, 1969. A concrete retaining wall collapsed, the trench caved in, and both Ortman and Rynning were killed. The complaints further allege that the respondent, in

addition to being a coemployee, was the supervisor of the decedents at the jobsite.

The following issues are considered dispositive of this appeal:

1. Do appellants' amended complaints state causes of action against the respondent?

2. Are the appellants' causes of action against the respondent barred by the three-year statute of limitations, provided by sec. 893.205, Stats.?

*Cause of action.*

The complaints allege that the respondent was negligent in the following respects:

"a. In failing to install necessary shoring in the excavation of the trench prior to permitting [decedent] to go down into the trench to work.

"b. In failing to take all reasonable precautions to insure the safety of [decedent] as provided for by the rules and regulations of the Department of Industry, Labor & Human Relations.

"c. In permitting [decedent] to descend into the trench when said defendant knew or should have known in the exercise of ordinary care that said trench was unsafe because the concrete wall and sides of the trench were not properly shored.

"d. In failing to recognize that such trench constituted a dangerous place of employ by reason of the heavy concrete retaining wall which abutted the trench and which contained no shoring at the time of the accident.

"e. In failing to carry out the terms and written employment contract between the Village of Darien, Jensen & Johnson, and F. P. & T. Construction Corporation, which required shoring to be placed in excavations of the nature and type that [decedent] was working in at the time he was killed."

We are of the opinion that the decision of the trial court should be affirmed, not for the reasons stated, but

because the amended complaints fail to state causes of action.

In *Kruse v. Schieve* (1973), 61 Wis. 2d 421, 213 N. W. 2d 64, this court considered its previous decisions as they related to actions where the third party is also an officer of the employer.[1] In *Kruse* this court expressed its concern that sec. 102.29, Stats., not be used to sue an officer of the employer, and thereby circumvent the immunity provided the employer under sec. 102.03 (2).[2] Thus, the rule was stated that when the third-party suit is brought against an officer of the employer, it must affirmatively appear that the action is brought against him in his capacity as coemployee. The acts upon which the cause of action is based must be acts of the individual in the capacity of a coemployee and they must be affirmative acts which increase the risk of injury to the employee. Allegations of mere supervisory responsibility or acts only amounting to a failure to provide a safe place of employment are not sufficient. *Kruse v. Schieve, supra,* page 428.

Construing the allegations of the complaints liberally, *Volk v. McCormick* (1969), 41 Wis. 2d 654, 165 N. W. 2d 185, they do not meet the requirements of *Kruse v. Schieve, supra.* The allegations in the present complaints state that the respondent was actually engaged in the process of installing the pipe in the ditch with the decedents when the ditch collapsed. It is further alleged that the respondent was then acting as supervisor and coemployee of the decedents. However, there is no allegation of any affirmative act of negligence by the respondent

---

[1] *Anderson v. Green Bay Hockey, Inc.* (1973), 56 Wis. 2d 763, 203 N. W. 2d 79; *Pitrowski v. Taylor* (1972), 55 Wis. 2d 615, 201 N. W. 2d 52; *Wasley v. Kosmatka* (1971), 50 Wis. 2d 738, 184 N. W. 2d 821.

[2] *Lampada v. State Sand & Gravel Co.* (1973), 58 Wis. 2d 315, 206 N. W. 2d 138.

which increased the risk of injury. *Kruse v. Schieve, supra,* page 428. The allegations merely state that the trench was unsafe because of improper shoring and that the respondent permitted the decedents to enter the trench knowing it was unsafe. In effect, the complaint alleges nothing more than the respondent's failure to " 'provide his employees with a safe place to work, *i.e.,* safe conditions.' " *Kruse v. Schieve, supra,* page 428.

Therefore, we conclude that the demurrers should have been sustained for the reason that the complaints fail to state causes of action. We are also of the opinion that the plaintiffs should be allowed thirty days after remand in which to further plead.

*Statute of limitations.*

It is alleged that at the time of the accident there was in effect a policy of insurance issued by United States Fidelity & Guaranty Company which provided coverage for injury or death caused by the negligence of the respondent personally. United States Fidelity & Guaranty Company was also F. P. & T.'s workmen's compensation carrier. On March 6, 1970, the appellants sent a notice to F. P. & T. and United States Fidelity & Guaranty Company that the actions were being commenced against Jensen and Johnson, Inc. The United States Fidelity & Guaranty Company at no time notified the appellants that, in addition to being the workmen's compensation carrier for F. P. & T., it also provided liability insurance for the acts, errors and omissions of the respondent.

The appellants contend that the present actions are governed by the provisions of sec. 102.29, Stats. That section provides, in relevant part:

"102.29 **Third party liability.** (1) The making of a claim for compensation against an employer or compensa-

tion insurer for the injury or death of an employe shall not affect the right of the employe, his personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; nor shall the making of a claim by any such person against a 3rd party for damages by reason of an injury to which ss. 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employe or his dependents to recover compensation. . . .

" . . .

" (4) If the insurance carrier of the employer and of the third party shall be the same, . . . the insurance carrier of the employer shall promptly notify the parties in interest and the department of that fact; . . .

" (5) If the insurance carrier of the employer and of the third party are the same . . . and the insurer fails to commence a third party action, within the 3 years allowed by s. 893.205, the 3-year statute of limitations in s. 893.205 shall not be pleaded as a bar in any action commenced by the injured employe herein against any such third party subsequent to 3 years from the date of injury, but prior to 6 years from such date of injury, provided that any recovery in such action shall be limited to the insured liability of the third party. . . . This subsection shall not apply if the insurance carrier has complied with sub. (4)."

The respondent, however, contends that sec. 893.205, Stats., applies to the instant case. That section provides, in relevant part:

"893.205 **Within 3 years.** Within 3 years:

" (1) An action to recover damages for injuries to the person for such injuries . . . .

" (2) An action brought to recover damages for death caused by the wrongful act, neglect or default of another where death resulted on or after July 1, 1955."

If the respondent is correct in his assertion, then the present actions are barred by virtue of the fact that the

actions were not commenced against the respondent within three years after the date of the accident.

The trial court, in ruling on the demurrers, found that sec. 102.29 (5), Stats., did not apply because the policy of insurance issued by United States Fidelity & Guaranty Company only covered the respondent for negligence while he was acting in the capacity of a corporate officer and not while acting as a coemployee.

The appellants claim that the trial court could only have gained the information upon which it based its decision by reference to facts that were neither part of the pleadings nor the record before the court.

On this issue, the appellants' contention must be sustained. For purposes of a demurrer, the allegations of the complaint are to be accepted as true. *Estate of Lease* (1974), 62 Wis. 2d 230, 214 N. W. 2d 418; *Volk v. McCormick, supra.* The complaints alleged that the respondent was covered by a valid policy of insurance issued by Fidelity, who was also the workmen's compensation insurer of the employer, and that the policy provided for payment of loss occasioned by negligent acts of the respondent in a personal capacity. In ruling on a demurrer the trial court is bound by the pleadings and may not add factual matters *dehors* the pleading to aid or defeat the allegations contained therein. *Estate of Rosenstein* (1970), 47 Wis. 2d 494, 177 N. W. 2d 372. The policy of insurance in question was not part of the pleading before the trial court, and in fact is not in the record.

On appeal, however, the respondents set forth three theories in support of the decision of the trial court.

The respondent first contends that he is not a "third party" within the meaning of sec. 102.29 (5), Stats. In doing so, he relies on *Wasley v. Kosmatka, supra,* and *Anderson v. Green Bay Hockey, Inc., supra,* for the proposition that officers of the employer cannot be sued as

third parties under sec. 102.29, where the claim is based on a "safe place" standard of care. However, these cases also stand for the proposition that an officer of the employer can be sued under a common-law standard of care where the circumstances disclose that the officer owed a duty to the injured party as a coemployee. *See also: Pitrowski v. Taylor, supra; Wolff v. Sisters of St. Francis* (1969), 41 Wis. 2d 594, 164 N. W. 2d 501.

In the most recent case on the subject, this court, in *Kruse v. Schieve, supra,* stated that an officer of the employer could be sued as a third party in his capacity as a coemployee so long as the cause of action was derived from acts done by the officer in the capacity of a coemployee. In that case, it was determined that the complaint did not adequately isolate what, if any, alleged affirmative acts of negligence by the officer were done in the capacity of a coemployee so the demurrer was granted with leave to plead over. *Kruse v. Schieve, supra,* page 431.

In the present case, the complaints specifically allege that the respondent was the supervisor of the jobsite and was in the process of installing the pipe in the trench with the decedents, as a coemployee. These allegations in the complaint reflect that the actions are brought against the respondent in his capacity as the job supervisor and as a coemployee, not as an officer of the employer. However, as we have previously determined, the causes of action as alleged are not derived from affirmative acts of the respondent in his capacity as a coemployee. The allegations, liberally construed, merely assert a failure of the employer to provide a safe place of employment. Therefore, on the basis of the record before us it cannot be said that the respondent is a third party as contemplated by sec. 102.29 (5), Stats.

The second contention of the respondent is that the present actions are not "commenced by the injured em-

ploye" as the term is used in sec. 102.29 (5), Stats. The instant actions were commenced by the survivors and personal representatives of the decedents. They are actions for wrongful death and for the pain and suffering of the decedents prior to death, which is often referred to as a survival action.

A question as to the construction of sec. 102.29 (5), Stats., is presented. Does the use of the phrase "commenced by the injured employe" in the statute encompass the bringing of wrongful death and survival actions? We are of the opinion it does. It seems to us that a contrary construction of the statute would be indefensible. This court has held, consistent with the express language contained in sec. 102.29 (1) and (2), that a third-party action can be brought for wrongful death by the survivors of the decedent. *Wasley v. Kosmatka, supra; Theby v. Wisconsin Power & Light Co.* (1929), 197 Wis. 601, 222 N. W. 826, 223 N. W. 791.

In *Wolff v. Sisters of St. Francis, supra,* page 601, this court explained the reason for the provision of sec. 102.29 (5), Stats., as follows:

"Failure of the insurer to give the required sub. (4) notice makes it subject to the requirements of sub. (5). This subsection places the burden on the carrier to commence an action against the third party within the period of the three-year statute of limitations, in which case, pursuant to sec. 102.29 (1), Stats., the liability of the third party to the injured employee is determined.

"In the event the insurer has not given the sub. (4) notice and has not commenced the third-party action within the three-year statute of limitations, then sub. (5) gives further protection to the unnotified injured plaintiff. Under these circumstances, sub. (5) extends the statute of limitations for an additional three years, during which time the injured party may commence a third-party action. When the statute of limitations is extended due to the insurer's acts of omission, the injured em-

ployee's recovery is limited to the *insured liability* of the third party.

"The provisions of sub. (5) constitute a means of diminishing the prejudicial nature of the insurer's failure to make a disclosure of the nature of its coverage as required by sub. (4)."

It is true that sec. 102.29 (5), Stats., unlike sec. 102.29 (1), makes no reference to third-party actions by personal representatives or other persons entitled to bring such action, but uses only the term "injured employe." Nevertheless, sec. 102.29 (5) makes specific reference to the whole of sec. 893.205, which is the three-year statute of limitations relating to both causes of action for personal injury and wrongful death.

This court has held that where a statute is ambiguous, this court must ascertain the legislative intention as disclosed by the language of the statute in relation to its scope, history, context, subject matter and the object intended to be remedied or accomplished. *Wisconsin Southern Gas Co. v. Public Service Comm.* (1973), 57 Wis. 2d 643, 205 N. W. 2d 403. The object to be accomplished by a statute must be given great weight in determining legislative intent. *Town of Menominee v. Skubitz* (1972), 53 Wis. 2d 430, 192 N. W. 2d 887. Constructions which work unreasonable or absurd results are to be avoided. *Cross v. Hebl* (1970), 46 Wis. 2d 356, 174 N. W. 2d 737.

As stated in *Wolff, supra,* the purpose of sec. 102.29 (5), Stats., is remedial in nature and designed to prevent the injured party from being prejudiced by the inaction of the insurer where an undisclosed conflict of interest exists. The third party is not harmed by operation of the statute because the recovery is expressly limited to the amount of the insurance coverage. To construe the statute so as not to apply to wrongful death and survival actions would work the absurd result of barring recovery

for the more serious injury, *i.e.*, death, while permitting recovery for lesser injuries; the insurer's conflict of interest in either case being the same.

The respondent's third contention is an obscurely stated constitutional claim. Respondent seems to suggest that if sec. 102.29 (5), Stats., applies to him, then that section is unconstitutional either because it is "discriminatory" or because respondent has a "right to rely upon the Statute of Limitations, Sec. 893.205 (2) and this right cannot be legislated away." The respondent makes no reference to specific constitutional provisions and cites no authority with regard to specific constitutional protections.

A demurrer is an appropriate device to raise a constitutional issue as to the statute upon which the plaintiff's cause of action depends. *Gottlieb v. Milwaukee* (1967), 33 Wis. 2d 408, 147 N. W. 2d 633; *State v. Texaco* (1961), 14 Wis. 2d 625, 111 N. W. 2d 918. However, an act of the legislature is presumed to be constitutional and every presumption will be indulged to sustain the law if at all possible. *State ex rel. Hammermill Paper Co. v. La Plante* (1973), 58 Wis. 2d 32, 205 N. W. 2d 784. The party challenging the act has the burden of establishing its unconstitutionality beyond a reasonable doubt. *Hammermill, supra; State ex rel. Commissioners of Public Lands v. Anderson* (1973), 56 Wis. 2d 666, 203 N. W. 2d 84; *Chicago & N. W. Ry. Co. v. La Follette* (1969), 43 Wis. 2d 631, 169 N. W. 2d 441.

It is correctly stated that the running of the statute of limitations extinguishes the cause of action and vests in the defending party a right to insist on the statutory bar. That right enjoys constitutional protection. *Heifetz v. Johnson* (1973), 61 Wis. 2d 111, 211 N. W. 2d 834; *Haase v. Sawicki* (1963), 20 Wis. 2d 308, 121 N. W. 2d

876; *Laffitte v. Superior* (1910), 142 Wis. 73, 125 N. W. 105.

The respondent relies on the above-cited cases for the proposition that he has a right to rely on the running of the statute of limitations, and that it cannot be prospectively extended. This conclusion is not consistent with the holdings of this court. The right which is subject to constitutional protection is that which vests at the time the statute runs, not before. In *Haase v. Sawicki, supra*, this court held that a retrospective extension of the statute of limitations for wrongful death, made applicable to actions which were already barred by the previous shorter period, violated due process. An extension of the statute of limitations, before the cause of action even accrued, is not subject to the same constitutional limitation.

The substance of respondent's argument, based on discrimination, appears to be that sec. 102.29 (5), Stats., provides a different statute of limitations for some wrongful death causes of action as distinguished from those to which sec. 893.205 (2) is applicable. This court has held that periods of limitation are subject to a relatively large degree of legislative control. *Estate of Bloomer* (1958), 2 Wis. 2d 623, 87 N. W. 2d 531. Classifications with regard to statutes of limitation, like other legislative classifications, are presumed to be constitutional, and will not be overturned if there be some conceivable facts which may be thought to justify the difference in treatment. *Estate of Bloomer, supra*, page 631.

Under the statute in question, if the period within which the injured party may start an action is extended, by action of the insurer, his recovery is limited to the amount of the insurance carried by the third party. The period is only extended if the dual-role insurer has neither notified the injured parties of its conflict of

interest, nor commenced an action against the third party within the three-year period. Under such circumstances, we do not perceive how the rights of the third party are sufficiently affected so as to give him standing to challenge the unconstitutionality of the statute. *Schmidt v. Local Affairs & Development Dept.* (1968), 39 Wis. 2d 46, 158 N. W. 2d 306.

Moreover, there are substantial differences between the position of the third party under sec. 102.29 (5), Stats., and the position of the normal tort-feasor in a wrongful death action to which sec. 893.205 (2) applies. As to the latter, recovery is not limited to the amount of insurance carried by the tort-feasor. Essentially, sec. 102.29 (5) creates a cause of action for a limited recovery. It is within the province of the legislature to proscribe a different period of limitations for a cause of action which it creates. The burden is on the respondent to prove that sec. 102.29 (5) creates an unreasonable legislative classification. He has not done so.

*By the Court.*—Orders affirmed and causes remanded with directions to sustain the demurrers and grant appellants leave to further plead. Costs on appeal awarded to appellants.