Lee R. GRECO

v.

Peter FARAGO et al.

No. 82–510–Appeal.

Supreme Court of Rhode Island.

June 20, 1984.

Morton J. Marks, (Pearlman & Vogel), Providence, for plaintiff.

**1.** General Laws 1956 (1979 Reenactment) § 28–29–20 was amended by P.L.1982, ch. 32, art. I, § 1. The statute now provides that compensation under the Workers' Compensation Act "shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise against an employer, or its di-

Jeffrey W. Kasle/Peter L. Kennedy, (Adler, Pollock & Sheehan Inc.), Providence, for defendant.

## OPINION

KELLEHER, Justice.

The plaintiff in this Superior Court civil action, Lee R. Greco (Greco), was severely injured while employed at the New England Printed Tape Company (NEPTCO) when his hand lodged in the inner workings of a T-screen machine. As a result of this incident, Greco received workers' compensation benefits, and he subsequently instituted this suit, in which he sued Peter, Alan, and Paul Farago (all three as corporate officers of NEPTCO as well as in the exercise of their managerial capacity) and two plant supervisors, Stephen Madden and Robert Jones. Greco is presently before us on an appeal from the grant by a Superior Court justice of the defendants' motion for summary judgment.

The precise issue in this controversy is the reconciliation, if possible, of two provisions of the Workers' Compensation Act. One is G.L.1956 (1979 Reenactment) § 28–29–20, which provides that the benefits provided by the act are "in lieu of all rights and remedies * * * now existing, either at common law or otherwise * * *";[1] and the other is § 28–35–58, which permits an injured worker to pursue legal redress against a third party "other than the employer" whose liability caused the injury.

Before us, Greco, as he did before the Superior Court, relies to a great extent on the holding in *Colarusso v. Mills*, 99 R.I. 409, 208 A.2d 381 (1965), in which Colarusso, in suing Mills, was seeking to recover damages in a common-law negligence action for injuries she sustained when an automobile in which she was riding as a

rectors, officers, agents or employees * * *." This act statutorily abolishes the claim plaintiff asserts here. However, the record indicates that Greco's injuries occurred in March 1982, whereas the amended version of § 28–29–20 did not become effective until May 6, 1982.

passenger went off the highway and struck a traffic barrier. Mills was the operator of the vehicle, which was registered in her husband's name but was owned by Colarusso's corporate employer. Mills and her husband were servants and officers of the employer. However, Mills was identified in the pleadings as Colarusso's coemployee rather than as an officer or supervisor, and apparently she was treated as such by the litigants and this court.

The controversy came before this court on a challenge by Colarusso to the overruling of a demurrer that had been filed to the answer on behalf of Mills. The issue as framed in that case was whether Colarusso could have maintained the suit against her coemployee notwithstanding her prior recovery of workers' compensation benefits for the same injury. 99 R.I. at 411, 208 A.2d at 383. The answer was yes if the employee could prove either that she had agreed with the employer that in the event her suit was successful, she would reimburse the employer for the prior compensation benefits she had received, or that the employer refused to enter into such an agreement. *Id.* at 417, 208 A.2d at 386.

Despite Greco's contentions, *Colarusso* is not dispositive of the controversy now before us. His suit is against corporate officers and supervisors acting in their managerial capacity. It is not a suit against a fellow employee. *Colarusso,* therefore, is readily distinguishable from the case at bar; that suit was against Mills as a coemployee.

Greco contends that defendants' negligence as supervisors makes them amenable to a civil action seeking damages. In responding to this contention, we must pay due heed to both the facts of this case and the public-policy considerations that led to the establishment of the Workers' Compensation Act. The motivation for workers' compensation is apparent from its name. The Legislature wanted employees to be compensated for work-related injuries with a minimum of delay absent the costs that are usually associated with a trial. The

act, we said, provides an expeditious procedure by which an injured worker can receive recompense for his injuries. *Cacchillo v. H. Leach Machinery Co.,* 111 R.I. 593, 596, 305 A.2d 541, 542–43 (1973). In return for the benefits they receive, employees forgo any rights they might have had at common law against their employers. Section 28–29–20. If, in addition to compensation benefits, an employee were allowed to sue his employer in tort, the employer would potentially become liable twice for the same injury, and the act clearly seeks to avoid this result.

The acts for which Greco seeks compensation are not for negligence, but for the failure to provide a safe place of employment. He seeks recovery based on defendants' actions as supervisors. They are being sued in their individual capacities for their negligence in the design and use of the machine. Greco claims that since they have acted as individuals, they should not be immune from suit as they are "persons other than the employer."

This proposition is mere sophistry. Clearly, a corporation cannot act alone. People must act for it. The issue to be resolved is what kind of activity a corporate officer or supervisor must perform before we can say he has doffed the cap of the employer and donned that of an employee.

This vexatious problem has arisen in many jurisdictions, and there appears to be an ostensible division of thought. However, analysis of the decided cases indicates that absent active negligence as a fellow employee, individuals such as defendants should not be subject to tort liability.

*Kruse v. Schieve,* 61 Wis.2d 421, 213 N.W.2d 64 (1973), is most representative of the majority analysis of this issue. The defendant in *Kruse* was an employee and vice president of the corporation for which the plaintiff worked. *Id.* at 429, 213 N.W.2d at 68. The plaintiff had received workers' compensation for injuries her left hand received when it became caught in the rollers of a machine she was cleaning. The

defendant was charged with negligently supervising the maintenance and production in the factory. *Id.* at 423, 213 N.W.2d at 65.

The Wisconsin workers' compensation scheme, as did Rhode Island's under the former § 28–29–20, allows suit to be maintained against a negligent third party other than the employer. Wis.Stat.Ann. § 102.29 (West 1973). However, the defendant in *Kruse,* as the defendant here, defended against the action by claiming that the complaint was in reality directed against him as a corporate officer and not as a coemployee. 61 Wis.2d at 427, 213 N.W.2d at 67.

*Kruse v. Schieve* held that the cause of action in reality alleged a failure to provide a safe place of employment. This was a corporate responsibility and could not be delegated to officers or employees. *Id.* at 427, 213 N.W.2d at 67. In order for an officer or supervisor to be liable as a fellow employee, the duty owed to the injured party must be above and beyond that owed as a supervisor. *Id.* at 428, 213 N.W.2d at 67. The Wisconsin Supreme Court held that the failure to provide a safety guard for the machine was not a duty beyond the obligation to provide a safe place to work.

In *Laffin v. Chemical Supply Co.,* 77 Wis.2d 353, 253 N.W.2d 51 (1977), the Wisconsin Supreme Court refused to allow a suit against corporate officers when the basis of the suit was an improperly designed and maintained chemical-storage system. *Id.* at 361, 253 N.W.2d at 54. The court maintained that this also was not an act that went beyond the affirmative duty to provide a safe place of employment.

Under either case, Greco's claim fails. His suit is only that for a breach of a duty to provide a safe place of employment.

The cases on which Greco relies in support of his claim that defendants should be considered fellow employees involve situations in which that "something extra" ex-

isted. For example, in *Barnette v. Doyle,* 622 P.2d 1349 (Wyo.1981), the corporate president was liable as a fellow employee for his failure to fix a defective brake on a company truck. Since the defendant knew that the defect existed yet instructed the employees nevertheless to take their chances, he was so connected with the injury that he should have been held liable.[2] *Id.* at 1356.

*Vittum v. New Hampshire Insurance Co.,* 117 N.H. 1, 369 A.2d 184 (1977), found a supervisor liable as a fellow employee of the plaintiff. However, the supervisor caused the injuries via a fistfight with the plaintiff. *Vittum* is the exception to the New Hampshire rule, which protects an individual sued as a corporate alter ego for failing to provide a safe place to work. *Stevens v. Lewis,* 118 N.H. 367, 387 A.2d 637 (1978).

There is a sound policy rationale behind a theory that allows suits only against those who do more than fail to provide a safe place to work. If we were to hold otherwise, "a vice-president in charge of production would become a coemployee of every production worker in the plant. A foreman would automatically become a coemployee of every worker on his shift under his supervision." *Kruse v. Schieve,* 61 Wis.2d at 427, 213 N.W.2d at 67. It is this result that the immunity provisions of the Workers' Compensation Act sought to avoid. *See also Athas v. Hill,* 54 Md.App. 293, 458 A.2d 859 (1983).

Since this case is before us on appeal from a trial justice's grant of defendants' summary-judgment motion, we must determine whether that decision was correct. A summary-judgment motion is made pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, which provides that if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue of material fact and if the

---

**2.** Wyoming has also held that a supervising or managing coemployee is protected from tort action by his fellow employee if he is acting within the scope of his employment and is not "culpably negligent." *Abeyta v. Hensley,* 595 P.2d 71 (Wyo.1979).

moving party is entitled to judgment as a matter of law, the judgment shall be rendered. The materials filed with a motion for summary judgment will be viewed in ·the light most favorable to the party opposing the· motion. *Saltzman v. Atlantic Realty Co.,* 434 A.2d 1343 (R.I.1981).

Greco's complaint makes no allegation that defendants took any action outside their capacity as supervisors of the employer. The complaint merely states that defendants designed the machine and that they supervised its use. It does not allege that they directed Greco to use the machine in an unsafe manner. Furthermore, Greco's affidavit in opposition to defendants' motion for summary judgment fails to establish a factual dispute the resolution of which might warrant his recovery if a trial were held.

These conclusory allegations are not sufficient to wrest the defendants from Workers' Compensation Act immunity. This suit is instituted against the defendants as officers and as supervisors, capacities in which they act for the employer. In fact, Greco, in his complaint and counteraffidavits, expressly states that at all times he was subject to the "supervision, control, and direction" of all five defendants.

For these reasons, the plaintiff's appeal is denied and dismissed, the judgment in the Superior Court is affirmed, and the papers are remanded to the Superior Court.