Palmeri v. Brattleboro Memorial Hospital, Inc., No. 288-6-04 Wmcv  (Carroll, J., Nov. 23, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

[Karen R. Carroll, Judge, Nov. 23, 2004]

**STATE OF VERMONT**
**WINDHAM COUNTY, SS.**

**LORI PALMERI,**
   **Plaintiff,**

    **v.**         **WINDHAM SUPERIOR COURT**
                **DOCKET NO. 288-6-04 Wmcv**

**BRATTLEBORO MEMORIAL**
**HOSPITAL, Inc., JOHN TODD,**
**JOYCE LINQUIST, CATHERINE**
**ANDERSON and MATTHEW SHAW,**
   **Defendants.**

### ORDER ON MOTION TO DISMISS COUNTS I, II, III, IV AND V

Defendant Brattleboro Memorial Hospital, Inc. ( the "Hospital"), and three of its employees, Defendants Todd, Linquist and Anderson, move to dismiss all claims against them in this personal injury action.  Plaintiff Palmeri, a licensed practical nurse also employed by the Hospital, seeks damages for Defendants' failures to warn and protect her from Matthew Shaw, a patient known by them to be dangerous and violent.[1]  Pointing to the exclusivity provisions in the Workers' Compensation Act , Defendants contend that Plaintiff's claims against them for work-place injuries are barred.  Concluding that Plaintiff has failed to state any cognizable claims that might fit the narrow exceptions to the rule of exclusivity , the motion is **GRANTED**.

---

[1]There are four counts pending against Shaw: intentional battery, intentional assault, false imprisonment and negligence. However, as Shaw did not join the Motion to Dismiss, he is not

Under V.R.C.P. 12 (b)(6), a motion to dismiss for failure to state a claim upon which relief can be granted must be denied unless it is beyond doubt "that there exist no facts or circumstances that would entitle the plaintiff to relief." Richards v. Town of Norwich, 169 Vt. 44, 48(1999) quoting Amiot v. Ames, 166 Vt. 288, 291(1997) . The Court must assume all factual allegations pleaded in the complaint as true, accept all reasonable inferences derived from them, and reject any contravening assertions in Defendants' pleadings as false. Id. The purpose of a Rule 12(b)(6) motion to dismiss is "to test the law of a claim, not the facts which support it." Levinsky v. Diamond, 140 Vt. 595, 600 (1982)(citations omitted). A court should be especially reluctant to dismiss a cause of action on the basis of the pleadings alone when the theory of liability is novel or extreme. Association of Haystack Property Owners, Inc. v. Sprague, 145 Vt. 443, 447 (1985).

The Court has relied on the following facts alleged by Plaintiff. On or about February 4, 2003, Lori Palmeri was a licensed practical nurse employed by the Hospital. Prior to February 4th, Matthew Shaw, a Hospital patient, had exhibited violent tendencies towards staff members. This fact was known by Defendants Todd, Anderson and Linquist who were the supervisors on duty that day. Despite this knowledge, neither Todd, Anderson nor Linquist, nor any other representative of the Hospital attempted to warn, assist or protect Palmeri when she was assigned to care for Shaw. The Hospital did not have a policy or procedure for restraining known dangerous patients, failed to provide adequate staff training on the subject and did not take measures to restrain Shaw in the instant case. Under these conditions, the Hospital and Defendants Todd, Anderson and Linquist knew that injury was substantially certain to occur and their failures to act were wilful and wanton.[2]

---

included in the Court's references to the "Defendants" in this Order.

[2]The Court acknowledges that in two respects Plaintiff's complaint was clarified by its opposition brief. First, with regard to her co-employees, while the complaint failed to identify them as supervisors, the brief describes them in the manner stated above. Second, while the complaint

2

Palmeri was attacked by Shaw and suffered severe injury.

## CONCLUSIONS OF LAW

Vermont's statutory workers' compensation scheme exists to provide employees a remedy for work-place injuries that is "expeditious and independent of proof of fault" while, in exchange, insuring employers "a liability which is limited and determinate." Fotinopoulos v. Department of Corrections, 174 Vt. 510, 511 (2002)[citing Morrisseau v. Legac, 123 Vt. 70, 76 (1962)]. To these ends, the Act is generally the only legal remedy for injuries within its scope, creating immunity for employers from all other common-law remedies. 21 V.S.A. § 622[3]; Kittell v. Vermont Weatherboard, Inc., 138 Vt. 439, 440 (1980).

Under 21 V.S.A. § 618, the Act restricts recovery to injuries that occur "by accident." This limitation is broadly construed. Gallipo v. City of Rutland, 173 Vt. 223, 236 (2001). Therefore, an employee may be entitled to a common-law remedy against their employer only if the injury is not the result of accident. Under Kittell, this requires that the employee establish "[n]othing short of a specific intent to injure." 138 Vt. at 441. While the brief per curiam decision in Kittell did not define specific intent, it affirmed a motion to dismiss based on the plaintiff's failure to allege sufficient facts notwithstanding claims for severe injuries resulting from wanton and wilful conduct leading to sudden but foreseeable injury. Id. at 440. More specifically, Plaintiff Kittel alleged he had been sent to work without experience, without instruction and without warnings on a multiple saw end trim

only stated that a reasonable person in Defendants' positions would have believed that injury was substantially certain, Plaintiff later conceded that it must establish Defendants' subjective awareness of this substantial certainty.

[3]Section 622 states: "Except as provided in subsection 618(b) and section 624 of this title, the rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of the employee, the employee's personal representatives, dependents or next of kin, at common law or otherwise on account of such injury."

3

machine from which all safety devices had been removed by his employer. The holding indicated that the failure to demonstrate specific intent is a very substantial bar to recovery even under circumstances where an employer acts with alarming disregard for employee safety.

Recently the specific intent standard was reexamined in Mead v. Western Slate, 2004 VT 11, 15 Vt. L. W. 21. The events in that case took place in a slate quarry pit where fresh debris indicated a recent rock fall in the immediate area where Plaintiff Mead was sent to prepare for excavations. After being notified of the conditions but without inspecting them, the mining operator instructed the plaintiff to finish his work on the site. As Mead was loading explosives into holes he had previously drilled, he was injured by a second rock fall. In preliminary motions the trial court rejected motions to dismiss and for summary judgment raised on exclusivity grounds. After the evidence had been presented at trial it dismissed a count for punitive damages then instructed the jury it could consider as evidence of specific intent whether the defendants knew to a substantial certainty that their actions would bring about the plaintiff's injury. Id. at ¶ 5 and ¶ 6.

Analyzing the jury instruction, the Vermont Supreme Court noted a growing number of jurisdictions which have broadened the definition of specific intent to include conduct undertaken with knowledge that it is "substantially certain to cause injury or death." Id. at ¶ 13. Far from creating a unlimited breach in exclusivity provisions, the Court described those cases as extending the exception only to behavior that falls just below the most aggravated conduct on the tortious continuum where the actor intends injury, requiring more than mere knowledge or appreciation of risk and more than gross negligence, and which is a surrogate state of mind for purposefully harmful conduct. Id. (citations and quotations omitted). It noted that the growing trend has not been uniform with some states expanding the specific intent exception only to operate with proof the employer knew injury was certain or virtually certain to occur. Id. at ¶ 14 (citations and quotations omitted). In

4

other states, the substantial certainty test has been rejected altogether in favor of the literal specific intent standard. Even where it has been adopted, substantial certainty remains a "very narrow exception" which is only cautiously applied. Id. at ¶ 16 (citation omitted).

Without either adopting or rejecting a broader definition of specific intent, the opinion in Western Slate concluded that there had been, in any event, insufficient evidence that the defendant employer knew injury was substantially certain to occur. Therefore, while Mead gave some indication that a broader definition of intent might trigger an exception to the workers' compensation exclusivity provisions, it emphasized that, even if expanded, the definition would remain restrictive and only narrowly applicable. This Court has considered the Plaintiff's claims in light of these uncertainties.

Count I is a standard claim of negligence. It centers around an allegation that the Hospital did not satisfy its duty to provide a safe work place both by failing to prepare policies and procedures that would have anticipated the harms Plaintiff faced and by its specific failure to take action in relation to the actual threat. It is clear that such allegations alone cannot overcome the high bar established by Kittell and left undisturbed by Mead. Like Count I, Count II seeks to hold the Hospital liable for the same negligence through the mechanism of respondeat superior. While this theory sometimes permits recovery from an employer on the basis of its employee's actions, it cannot be applied to circumvent the limits imposed by the workers' compensation scheme. Steele v. Eaton, 130 Vt. 1, 4 (1971). To do so would clearly violate the intention of the statutory scheme to relieve the employer of liability for mere negligence. Both of these counts are subject to dismissal.

Count III, while based on identical allegations of negligent acts and omissions, is directed solely against Defendants Todd, Linquist and Anderson. Pursuant to 21 V.S.A. § 624(a), another exception to the general rule that workers' compensation is an exclusive remedy, permits an

employee to seek damages from a person other than the employer. Under this exception, co-employees, including ones in supervisory roles, are third parties who may be sued. Libercent v. Aldrich, 149 Vt. 76, 80 (1987)(permitting suit against supervisory and maintenance personnel of state highway department for failing to provide plaintiff safe and defect-free vehicle). Relying on Gerrish v. Savard, 169 Vt. 468 (1999), and similar precedents, Defendants contend that this exception does not apply because Count III only alleges a breach of the Hospital's nondelegable duty to maintain a safe work place.

Gerrish upheld summary judgment on behalf of the president and owner of a company for whom the plaintiff worked notwithstanding evidence the defendant was acting as a co-employee at the time of the accident. 169 Vt. at 469. The Court focused on whether the negligence was committed in the capacity of an employer or a co-employee holding that "[t]o establish co-employee liability, the plaintiff must show that there was a personal duty owed the plaintiff apart from the nondelegable duties of the employer." Id. at 472, *citing* Garrity v. Manning, 164 Vt. 507, 514 (1996). These duties include the employer's nondelegable obligation to provide a safe work place. Gerrish, 169 Vt. at 473. The test, based on what is known as the "Wisconsin Rule" derived from Kruse v. Schieve, 213 N.W. 2d 64 (Wis. 1973). Garrity, 164 Vt. at 511. Under Kruse, something more than a breach of the employer's nondelegable duty must be alleged to impose liability on either an officer or a supervisory employee. Garrity, 164 Vt. at 511-12 *citing* Kruse, 213 N.W. 2d at 67. Although Garrity left undecided whether the Wisconsin Rule should apply in Vermont equally to supervisory employees who did not also have a corporate or ownership role, 164 Vt. at 512, n.2, this Court concludes that application of the rule is appropriate in this case. The Court's concern in Garrity was not to deprive the employer of the benefit of its bargain to provide workers' compensation benefits in cases where there was a close identity of interests between the employer

6

and the defendant.  Garrity, 164 Vt. at 511-12. While this rationale applies less forcefully in cases where a plaintiff seeks to recover from a fellow employee who is not also the employer owner or president, it seems likely that many employers nevertheless assume the burden of defending their employees for work-related negligence actions.  Therefore, the net result is to undermine the balance established by the Workers' Compensation Act.  With these concerns in mind, the Court concludes that Count III is also subject to dismissal and that Defendants Todd, Linquist and Anderson are not independently liable for those claims raised herein for which the Hospital itself is exempted under the Act.

Count IV states a claim for violation of 21 V.S.A. § 223.  This statute sets out an employer's statutory obligation to furnish a place of employment free from recognized hazards and its obligation to comply with VOSHA safety and health standards but does not include any private right of action for an employer's violation. 21 V.S.A. § 223.  Enforcement of section 223 is left to official regulation, inspection, citation and penalty.  21 V.S.A. §§ 224-227.  The only exception is a private right of action specifically accorded employees for discrimination based on the employee's effort to complain to or institute proceedings with official agents.  21 V.S.A. § 231-232.  Without an applicable of cause of action, Count IV is subject to dismissal.

Notwithstanding the dismissal of Count IV, however, the Court notes that it includes significant allegations which have been incorporated along with the proceeding counts into the final claim against the Defendants.  That claim includes the allegation the Defendants were subject to the substantial certainty that injury would occur to Plaintiff.  The Court reads this language as the specific example upon which the allegations of wanton, willful and malicious conduct in Count V depend.  Obviously Plaintiff invoked substantial certainty to satisfy the potential opening in specific intent made available under Mead.  Nevertheless the Court finds Plaintiff's use of the crucial phrase

7

difficult to place into a meaningful factual context. The underlying premise of all Plaintiff's allegations against these Defendants is the injuries caused by the independent actions of Matthew Shaw. While it can well imagine that the Hospital and its supervisors were negligent in various ways that may have made Mr. Shaw's actions more likely to have happened, such conduct cannot have been based on a substantially certain prediction that he would act in the manner, time and place that he did so. *Cf.* <u>Mead</u>, 2004 Vt. 1 at ¶ 18 (citing lack of defendant's knowledge that second rock fall would occur in any particular time frame or based on any particularized expectation that it would occur as basis for acquittal). Without such knowledge or a more active encouragement than Plaintiff has alleged, the Court fails to see how Plaintiff's complaint can be read to state a cognizable claim for relief under the small opening allowed in <u>Mead</u>. To permit the Plaintiff additional time for discovery to supplement a cause of action that has no useful end can only subvert the public policy compromise that the workers' compensation scheme represents.

Accordingly, the Motion to Dismiss is **GRANTED**.

Dated:

_____
Karen R. Carroll
Presiding Judge

8