CROSS, by Guardian *ad litem,* Appellant, v. HEBL, County Clerk, Respondent.

No. 377. *Argued February 27, 1970.*—*Decided March 3, 1970. Opinion filed March 11, 1970.*
(Also reported in 174 N. W. 2d 737.)

---

358

For the appellant there was a brief by *Sieker, Reynolds & Peckham* of Madison, and oral argument by *Robert D. Reynolds*.

For the respondent there was a brief and oral argument by *Glenn L. Henry*, corporation counsel for Dane county.

HALLOWS, C. J. While the trial court decided the several questions which were presented to it, the only question which needs to be considered on this appeal is whether William R. Cross is a qualified elector as that term is used in sec. 59.03 (2) (d), Stats., and therefore entitled to have the respondent file his nomination papers and to have his name placed on the spring general election ballot for the office of supervisor of District No. 41 of Dane county. There is no dispute that Cross was twenty years of age at the time of taking out, circulating, and attempting to file his nomination papers for such office. He was born in Iowa county, Wisconsin, on March 5, 1949; he became twenty-one years of age on March 5, 1970. He has been a resident of the state for

more than one year and has been a resident of the village of Oregon, Dane county, Wisconsin for more than ten days prior to January 1, 1970, the earliest time for the commencement of the circulation of nomination papers. He will be eligible to vote in the April 7, 1970, spring general election.

Cross, in his desire to run for the office of supervisor of District No. 41, circulated his nomination papers and on January 19, 1970, filed them with the respondent Francis R. Hebl, county clerk of Dane county. On February 5th on advice of the corporation counsel for Dane county the respondent informed Cross he was rejecting the nomination papers on the ground Cross failed to qualify as a candidate under the provisions of sec. 59.03 (2) (d), Stats. This section provides in part, "A candidate for the office of supervisor shall be a qualified elector and resident of his supervisory district at least 10 days prior to the earliest time for the commencement of the circulation of nomination papers." The earliest time for the commencement of circulation of nomination papers in this case is January 1, 1970. This section was enacted as ch. 20, sec. 7, of the Laws of 1965, and has not been previously interpreted by this court.

The question presented is whether the term "qualified elector" appearing in sec. 59.03 (2) (d), Stats., is modified by the subsequent phrase "at least 10 days prior to the earliest time for the commencement of the circulation of nomination papers." The trial court so held and read the sentence as requiring a candidate to be a qualified elector at least ten days prior to the earliest time to begin circulating nomination papers. We think the language of the section is ambiguous and subject not only to the construction placed upon it by the trial court but also to the construction that the words "qualified elector" stand alone and are not grammatically modified by the ten-days provision.

A qualified elector is defined in art. III, sec. 1 of the Wisconsin Constitution as, "Every person, of the age of twenty-one years or upwards, belonging to either of the following classes, who shall have resided in the state for one year next preceding any election, and in the election district where he offers to vote such time as may be prescribed by the legislature, not exceeding thirty days, shall be deemed a qualified elector at such election. . . ." Under our constitution a qualified elector need only be twenty-one years of age on election day. This view is accepted by sec. 6.05, Stats., which provides, "Any person who will be 21 years old on or before election day is entitled to vote if he complies with ch. 6." The general qualifications for an "eligible elector" are set forth in sec. 6.02 (1) as follows: "Every United States citizen age 21 or older who has resided in this state for 6 months preceding any election and who has resided in an election district or precinct for 10 days before any election where he offers to vote is an eligible elector." In both the constitution and these two sections the age requirement need exist no sooner than the date of election. Only the residence requirement is subject to a prior time limitation.

We do not think it was the intention of the legislature in enacting sec. 59.03 (2) (d), Stats., and in using the words "qualified elector" that a candidate had to have that status ten days prior to the time for the commencement of circulating nomination papers. A more reasonable construction is that the phrase "qualified elector" stands alone as used in the constitution and in secs. 6.05 and 6.02 (1). In the constitution the legislature is given the right to prescribe a length of time for residence in the election district, but no such language or power is expressly given the legislature in reference to the age limit. The respondent contends art. XIII, sec. 9 of the constitution provides such power. We do not decide that question. To avoid any constitutional question of the power of the legislature to add a burden on the

age requirement of a candidate as distinguished from an elector, we must favor an interpretation which will avoid the constitutional question. Furthermore, eligibility for an elective public office is generally determined as of the time of election; that is the significant date. There is no reason or purpose in requiring a candidate for the office of county supervisor to be twenty-one years of age ten days prior to the earliest date he can commence to circulate his nomination papers. Such a limitation has some logical relationship with residency but not with age.

The respondent argues, however, that sec. 59.03 (2) (d), Stats., is unique and different than the statutes applying to eligibility and qualifications for other public offices in that it expressly uses the word "candidate" and provides the "candidate" shall be a qualified elector. And since a person seeking nomination to public office becomes a candidate upon the filing of his nomination papers and at that time Cross was not twenty-one years of age, he is not eligible to be a candidate. While we recognize the statute will bear such a construction, we do not believe the legislature intended to use the word "candidate" in such a technical sense. In its ordinary meaning, "candidate" means an aspirant on the ballot for an office on election day. That is the date the electors may exercise their franchise and choose between candidates. That is the day on which the qualifications of the candidates speak.

This construction is consistent with the rule, "A statute should not be construed so as to work absurd or unreasonable results." *Estate of Evans* (1965), 28 Wis. 2d 97, 101, 135 N. W. 2d 832; *see also Rice v. Ashland County* (1900), 108 Wis. 189, 192, 84 N. W. 189.

Sec. 59.03 (2) (e), Stats., allows the appointment of a person "who is a qualified elector and resident of the supervisory district, to fill the vacancy." Cross would be qualified to serve as a county supervisor if appointed on reaching his twenty-first birthday on March 5, 1970,

or on any other day subsequent to that date. A construction of sec. 59.03 (2) (d) which would result in disqualifying Cross as a candidate for election at the spring general election on April 7th when he is qualified for an appointment on that date would be unreasonable.

Because of the shortness of time to comply with the election laws and of the public interest in this question, the court, prior to the writing of this opinion, announced its mandate on March 3, 1970, as hereinbefore set forth, so it will not be repeated here.