ROBERT C. ZIMMERMAN, Secretary of State
You have requested my opinion on the following questions: *Page 156 
"1. Must a candidate for election to Congress be a resident of the district at the time he files his nomination papers and executes the declaration of intent to accept the office if elected?
"2. Do the provisions of s. 8.15 (4)(b), Wis. Stats., require a sworn declaration by the candidate that he is at the time of filing his nomination papers a resident of the Congressional district in which he is seeking office?"
For reasons hereafter stated, the answer to both questions is in the negative. I am of the opinion, however, that a candidate must be an inhabitant of the state on the date the election is held. Art. I, sec. 2, U.S. Const.
Article I, sec. 5, U.S. Const., however, makes each house "* * * the judge of the elections, returns and qualifications of its own members * * *"
Section 8.15 (4) (b), Stats., was amended by ch. 419, Laws of 1969, to include the phrase emphasized and provides:
"Each candidate shall file with his nomination papers, a declaration, sworn to before any officer authorized to administer oaths, that he is a resident of the district or county, if he isseeking an office elected on a district or county basis and he will qualify for office if nominated and elected. The nomination papers and the candidate's sworn declaration are valid with or without the seal impression of the authorized officer who administered the oath."
I am of the opinion that the word "district" in sec. 8.15 (4) (b), Stats., must be construed as relating only tononcongressional elections in view of the provisions of Art. I, secs. 2, 4, 5, U.S. Const.
While the statement of residency requirement would appear to be applicable to candidates for representatives to Congress, it cannot be imposed by the state as it would place an additional qualification on such candidates, and the state is without power in that area.
In 25 Am. Jur. 2d, Elections sec. 175, it is stated: *Page 157 
"The qualifications for membership in the United States Senate and House of Representatives are those provided by the Federal Constitution, which qualifications are paramount and exclusive, and state constitutions and laws can neither add to nor take away from them. In case of a conflict, provisions in the Federal Constitution prevail, so that mere possession of qualifications prescribed in the Federal Constitution makes one eligible for election to Congress, and he will not be disqualified therefor by state constitutional or statutory provisions that make the holders of particular offices ineligible for any office or employment during their term of office."
In State ex rel. Wettengel v. Zimmerman (1946), 249 Wis. 237,247, 24 N.W.2d 504, it is stated:
"* * * The process of nomination under Wisconsin law is an integral part of the election process and is therefore, as has already been stated, wholly within the jurisdiction of the United States senate. If Mr. McCarthy under Wisconsin law cannot be a candidate for nomination at the primary, he can never be a candidate at the election of any political party. He is therefore disqualified to take the first step if the argument of the relator is sound. His right to be a candidate at the election would be a barren right. Neither by constitutional provision nor legislative enactment can the state of Wisconsin prescribe qualifications of a candidate for nomination for the office of United States senator in addition to those prescribed by the constitution of the United States."
In the same case it is stated that courts have no jurisdiction to judge the returns, elections and qualifications of United States senators (and representatives). The power of each house is exclusive.
The candidate must comply with the process of nomination and file a declaration of acceptance and intention to qualify if elected in order to get on the ballot, as the United States Constitution provides that states shall, absent congressional action, prescribe the time, places and manner of holding elections. Additional qualifications go beyond time, place and manner, and the state cannot act even as to time, place and manner where the Congress has provided the necessary legislation. *Page 158 
The Wisconsin Constitution refers to members of Congress in Art. XIII, sec. 3, which prohibits members of Congress from holding state offices, and in Art. XIV, sec. 10, which established the initial congressional apportionment into districts, each of which was to elect one member.
Material sections of the United States Constitution are contained in Article I:
"SECTION 2. * * *
"No person shall be a representative who shall not have attained to the age of twenty-five years, and been seven years a citizen of the United States, and who shall not, when elected, bean inhabitant of that state in which he shall be chosen.
"Representatives * * * shall be apportioned among the several states * * *
"* * *
[Emphasis supplied]
"SECTION 4. The times, places and manner of holding elections for senators and representatives, shall be prescribed in each state by the legislature thereof; but the Congress may at any time by law make or alter such regulations * * *."
Section 2 of the Fourteenth Amendment to the United States Constitution provides in part:
"Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State * * *."
In view of the provision of Art. I, sec. 2, U.S. Const., that a representative need only be an inhabitant of the state at thetime of election, and not necessarily of the district, I am of the opinion that a stricter requirement cannot be imposed even in view of the apportionment provisions referred to in the constitution and federal statutes. Federal statutes provide that representatives shall be elected from districts. The Federal Constitution merely provides that representatives be apportionedamong the states. The Congress did not require congressional districts until many years after the constitution was adopted. *Page 159 
Federal statutes provide that representatives are elected fromdistricts.
2 U.S.C.A. sec. 2c provides:
"In each State entitled in the Ninety-first Congress or in any subsequent Congress thereafter to more than one Representative under an apportionment made pursuant to section 2a(b) of this title, there shall be established by law a number of districts equal to the number of Representatives to which such State is so entitled, and Representatives shall be elected only from districts so established, no district to elect more than one Representative (except that a State which is entitled to more than one Representative and which has in all previous elections elected its Representatives at Large may elect its Representatives at Large to the Ninety-first Congress)."
Although elected from districts, it has never been doubted that representatives thus chosen represent the entire people of the state. McPherson v. Blacker (Mich. 1892), 13 S.Ct. 3, 7, 146 U.S. 1,36 L.ed. 869.
I am of the opinion that the word "inhabitant" as used in Art. I, sec. 2, U.S. Const., means resident of the state; one who resides in the state, that is, has a fixed abode therein, as distinguished from a visitor. It should be noted that Art. III, sec. 4, Wis. Const., provides that:
"No person shall be deemed to have lost his residence in this state by reason of his absence on business of the United States or of this state."
It is generally conceded that the right to hold public office is restricted to those that are qualified voters. 25 Am. Jur. 2d secs. 177, 872.
As to elections for state, county and municipal offices, a candidate must be qualified as of the day of election.
In Cross v. Hebl (1970), 46 Wis.2d 356, 361, 174 N.W.2d 737, it is stated: *Page 160 
"* * * In its ordinary meaning, `candidate' means an aspirant on the ballot for an office on election day. That is the date the electors may exercise their franchise and choose between candidates. That is the day on which the qualifications of the candidates speak."
While the word "inhabitant" has been deemed synonymous with "resident" for many purposes, I have found no case which construes the word as used in Art. I, sec. 2 of the United States Constitution, nor has the House of Representatives expressly construed it.
Whether a candidate is "an inhabitant of that state in which he shall be chosen," "when elected," as required by Art. I, sec. 2, U.S. Const., is a matter for determination by the House of Representatives when the candidate presents his credentials.
The House and Senate now view it sufficient if the qualifications as to age and citizenship are met when the oath is administered. Thus, persons elected to either house before attaining the required age or term of citizenship have been admitted as soon as they became qualified. Constitution of theUnited States, Revised and Annotated (1964), published under the authority of Public Law 86-754, at p. 119.
At page 120 of the same authority it is stated:
"A State may not add to the qualifications prescribed by the Constitution for members of the Senate and House of Representatives. Asserting this principle, the House in 1807 seated a member whose election was contested on the ground that he had not been twelve months a resident of the district from which elected as required by State law. No attempt was made to ascertain whether these requirements were met because the State law was deemed to be unconstitutional." Citing, 1 Hinds' Precedents of the House of Representatives, sec. 414 (1907).
You have also forwarded a copy of the declaration of acceptance form being used for various partisan offices including that of representative and inquire whether it is legally acceptable. The form provides: *Page 161 
"I, ___________________________________________, a resident of _____________________ District/County having been duly placed in nomination by electors representing the principles of the ___________________________ party of the State, or, of the District of Wisconsin as a candidate for nomination for the office of __________________ at the Primary Election to be held in the several towns, villages, wards and election precincts of said State or District on the ____ day of ______, 19__, do hereby declare that if nominated and elected to the office of ___________________________ from the said ________ District, I will qualify as such officer.
_________________________
P.O. ____________________
"Subscribed and sworn to before me this ______ day of ____________, A.D. 19__
_______________________ _______________________
(Official Title)"
The form is appropriate. However, I am of the opinion that nomination papers should not be rejected, even if the statement as to residence does not show that the person is a resident of the congressional district for which he is running at the time he signs the same. You could not reject the papers even if residence, as of that time, were shown as being in another state. The signers of the nomination papers, however, must be residents of the district which the candidate named therein will represent, if elected. Sec. 8.15 (3) and (4), Stats.
RWW:RJV *Page 162