FREDERICK J. GRIFFITH, Deputy Secretary, Department ofAgriculture
You have requested that this office construe ch. 310, Laws of 1973. This enactment adds a new provision to sec. 100.30, Stats., commonly referred to as the "unfair sales act" or "minimum markup law," and provides:
 "100.30 (2) (Lm) In the case of retail sales of fermented malt beverages and intoxicating liquors, `trade discount' shall not include discounts in the form of cash or merchandise."
Retail sales are defined in sec. 100.30 (2) (e), Stats.:
 "`Sell at retail,' `sales at retail,' and `retail sale' mean any transfer for a valuable consideration, made in the ordinary course of trade or in the usual prosecution of the seller's business, of title to tangible personal property to the purchaser for consumption or use other than resale or further processing or manufacturing."
You ask whether par. (2) (Lm) qualifies the meaning of the term "trade discounts" in determining "cost to retailer" as defined in sec. 100.30 (2) (a), or whether the statute is a nullity in view of the fact that it is phrased in the context of "retail sales" as defined in sec. 100.30 (2) (e). *Page 517 
The term "trade discounts" as used in the par. (2) (a), which contains the statutory formula for determining cost to retailer and which cost is the foundation for establishing violations of sec. 100.30 by retail merchants, implicitly refers to trade discounts granted by the retailer's supplier. Paragraph (2) (a) neither directly nor by inference refers to or prohibits such discounts as a retailer may grant to his consumer customers. Therefore, by incorporating the par. (2) (e) definition of "retail sale" into par. (2) (Lm), and if par. (2) (Lm) is otherwise read standing alone as proscribing trade discounts granted by a retail merchant to his customers, par. (2) (Lm) would appear to have no legal effect.
A statute should not be construed so as to work absurd or unreasonable results if the statute is open to a reasonable alternative interpretation. State v. Gould (1973), 56 Wis.2d 808,812, 202 N.W.2d 903; Cross v. Hebl (1970), 46 Wis.2d 356,361, 174 N.W.2d 737; Volunteers of America of Madison, Inc. v.Industrial Commission (1966), 30 Wis.2d 607, 616-617,141 N.W.2d 890. When a statute may be construed so as to work an absurd result, the resulting ambiguity justifies the invoking of principles of statutory construction to avert such a result.Carchidi v. State (1925), 187 Wis. 438, 443, 204 N.W. 473. An obscurity of meaning may exist, and call for a judicial construction where the literal sense of the statutory language would work an absurd result. A court may enlarge or restrict in meaning some of the words of a statute in order to harmonize them with the manifest legislative intent of the entire statute. Stateex rel. Neelen v. Lucas (1964), 24 Wis.2d 262, 268,128 N.W.2d 425.
The preamble of an act is an important aid to discovering the scope of the statute and the objects to be accomplished. Smith v.City of Brookfield (1956), 272 Wis. 1, 5-8, 74 N.W.2d 770; Blochv. American Insurance Company (1907), 132 Wis. 150, 164,112 N.W. 45.
The preamble to ch. 310, Laws of 1973, makes the intent of the law very clear. This introductory language, which describes the chapter as "relating to excluding discounts in determiningminimum retail prices for sales of malt beverages and liquor," (emphasis added) clearly refers to the formula for determining cost to retailer found in sec. 100.30 (2) (a), Stats. *Page 518 
The entire format and logic of sec. 100.30 (2), Stats., also dictates this construction. As previously indicated, the conceptual root in computing lawful minimum prices, for both retail sales and wholesale sales, is found in the element of "cost" as defined in pars. (2) (a) and (2) (b), respectively. The other paragraphs of subsec. (2) define or modify the various factors of pars. (2) (a) and (2) (b). In construing a statute, its intent must be derived from the act as a whole. Smith v. Cityof Brookfield, supra.
The Wisconsin Supreme Court has held that with respect to sec.100.30, Stats., it is "abundantly clear that a trade discount is given by a wholesaler or manufacturer to the retailer, not by the retailer to a customer or patron, as defendant would have this court hold." State v. Eau Claire Oil Company, Inc. (1967),35 Wis.2d 724, 740, 151 N.W.2d 634.
It is my opinion that sec. 100.30 (2) (Lm), Stats., was intended to further define and restrict the term "trade discount" as used in sec. 100.30 (2) (a), for purposes of determining "cost to retailer" for sales of fermented malt beverages and intoxicating liquors. Section 100.30 (2) (Lm) should be read as if the words "determining cost to retailer for" were inserted after the initial phrase "In the case of" at the beginning of the provision.
You also raise questions as to the meaning and effect of the phrase "discounts in the form of cash or merchandise."
In State v. Eau Claire Oil Co., supra, the court referred to these definitions of "trade discount":
 "`. . . the difference between the seller's list price and the price at which he actually sells goods to the trade; . . .'" (Citing 26A C.J.S., Discount p. 974)
 "`a percentage deduction from the list price of goods allowed by a manufacturer or wholesaler to customers engaged in trade.'" (Citing Webster's Third New International Dictionary)
 "`a deduction from the list price of goods, granted by a manufacturer or wholesaler to a retailer.'" (Citing The Random House Dictionary) *Page 519 
Similarly, applicable cases cited in 42 Words and Phrases
(Trade Discount) and 12A Words and Phrases (Discount) indicate that "discount" as used in the context we are examining usually means a deduction from an original price and differs from a "rebate" or "refund" in that a discount is used in computing selling price.
Another factor to consider in construing the new provision is that it is part of a criminal statute, and therefore, a strict construction is required. Paragraph (Lm) does not refer even inferentially to trade discounts in the form of a deduction from the seller's price, an invoice credit, or any other accounting device or procedure.
It appears that sec. 100.30 (2) (Lm), Stats., was not intended to be a catchall prohibition against using any trade discount in computing "cost to retailer" under sec. 100.30 (2) (a). Therefore, it is my opinion that for purposes of determining "cost to retailer," the term "trade discount" as used in sec.100.30 (2) (Lm) extends only to so-called discounts which are given in the form of money, its equivalent in ready money such as a check, or merchandise. Section 100.30 (2) (Lm) does not cover or prohibit the applying of a bona fide quantity discount as a "trade discount" in computing "cost to retailer" under sec.100.30 (2) (a).
RWW:DAM