JAMES R. KLAUSER, Chairman, Elections Board
The Elections Board has requested my opinion on several related questions concerning the qualifications of legislative candidates. You first inquire whether such a candidate must be a resident in the district he seeks to represent at the time he files his nomination papers. In my opinion he need not be.
Section 8.15 (4) (b), Stats., applicable to candidates for nomination on a partisan ticket, provides, in part, that:
 "Each candidate shall file with his nomination papers, a declaration, sworn to before any officer authorized to administer oaths, that he is a resident of the district or county, if he is seeking an office elected on a district or county basis and he will qualify for office if nominated and elected. . . ." (Emphasis supplied.)
The emphasized language in the quoted statutory provision requires a candidate to be a resident of the district he seeks to represent at the time he files his nomination papers. Such a requirement, if applied to candidates for the state legislature, would impose qualifications for nomination beyond those set forth in the Wisconsin Constitution for holding office.
Article IV, sec. 6, Wis. Const., establishes the qualifications for membership in the legislature as follows:
 "No person shall be eligible to the legislature who shall not have resided one year within the state, and be a qualified elector in the district which he may be chosen to represent." *Page 160 
To be "a qualified elector in the district which he may be chosen to represent," a candidate must be, among other things, a resident of the district. The State ex rel. Wannemaker v. Alder
(1894), 87 Wis. 554, 558, 58 N.W. 1045; Art. III, sec. 1, Wis. Const.; sec. 6.02, Stats. Eligibility to office is generally determined as of the time the person assumes the duties of office, State ex rel. Zimmerman v. Dammann (1930), 201 Wis. 84,92-93, 228 N.W. 593, or, at the earliest, at the time of election, Cross v. Hebl (1970), 46 Wis.2d 356, 361,174 N.W.2d 737.
In our electoral system the final choice of the electorate is effectively limited to those candidates selected through the nominating process. The partisan nominating process has particularly great impact on the ultimate result of the election.Newberry v. United States (1921), 256 U.S. 232, 285-286,41 S.Ct. 469, 65 L.Ed. 913 (Pitney J. concurring). Since the nomination process is such an integral part of the scheme by which candidates become officeholders, imposing more stringent qualifications for nomination than for holding office is tantamount, in this instance, to imposing qualifications for office additional to those set by the constitution. Cf., State exrel. Wettengel v. Zimmerman (1946), 249 Wis. 237, 247,24 N.W.2d 504.
I am mindful that all doubts as to the constitutionality of an enactment are to be resolved in favor of the act if at all possible, State ex rel. Hammermill Paper Co. v. La Plante (1973),58 Wis.2d 32, 205 N.W.2d 784, In re Appointment of Revisor ofStatutes (1910), 141 Wis. 592, 124 N.W. 670, and that an act should be construed in such a way so as to avoid constitutional objections to its validity, if it will reasonably bear such a construction, David Jeffrey Co. v. Milwaukee (1954), 267 Wis. 559,66 N.W.2d 362.
However, while the residency requirement set forth in sec. 8.15
(4) (b), Stats., clearly appears applicable to all candidates seeking a position on the September partisan primary ballot, 61 OAG 368 (1972), it is a well-established principle of constitutional law that qualifications prescribed by Constitution are exclusive and it is beyond the power of the legislature to prescribe additional qualifications, State ex rel. La Follette v.Kohler (1930), 200 Wis. 518, 553, 228 N.W. 895. It was on the basis of such a conflict that this office previously opined, in 61 OAG 155 (1972), that sec. 8.15 (4) (b), Stats., could not be interpreted as applying to candidates for representatives to Congress, since each house of Congress is the *Page 161 
judge of the elections, returns and qualifications of its own members and the state cannot impose district residency requirements on such candidates where the U.S. Constitution only requires that a representative be an inhabitant of the state at the time of election. Art. I, secs. 2 and 5, U.S. Const.
Such a direct and unavoidable conflict also exists between the provisions of sec. 8.15 (4) (b), Stats., and Art. IV, sec. 6, Wis. Const., when the provision is applied to candidates seeking state legislative office. In my opinion, the residency requirement of sec. 8.15 (4) (b), Stats., adds a qualification for holding the office of state senator or representative to the state assembly in addition to those fixed by Art. IV, sec. 6, Wis. Const., and therefore the statute cannot be constitutionally applied to legislative candidates filing nomination papers for such offices at the September partisan primary.
The board next asks what constitutes "residency" in the above context. This question was previously answered in 61 OAG 368 (1972), where the term "residency" is construed to mean domicile, as opposed to temporary residency. For a more complete discussion of this issue, see 61 OAG 245 (1972), 248-251.
The board further inquires whether it has jurisdiction to refuse to certify a legislative candidate for a ballot position where he is not a resident in the district he seeks to represent at the time he files his nomination papers. Since I have concluded above that a candidate is not required to reside in the district at that time, the board may not refuse certification in the situation posed. However, if it appeared, for example, that the candidate could not meet the requirement of Art. IV, sec. 6, Wis. Const., that he reside within the state for one year to be eligible to the legislature, then the board may refuse to accept his name for the ballot. See sec. 8.30, Stats. Where it appears that a decision adverse to the candidate may be required, action should be taken only after notice to the candidate affording him an opportunity to appear before the board and be heard, if he so desires. See Manning v. Young (1933), 210 Wis. 588, 247 N.W. 61.
Finally, the board inquires whether it has an obligation to go beyond the nomination papers filed to find facts concerning a legislative candidate's residency within the district, for the purpose of determining whether he should be certified for a ballot position. *Page 162 
Since a candidate constitutionally may not be required to be a resident in the district at the time he files his nomination papers, the board clearly has no obligation to find facts concerning his residency within the district at that time.
BCL:DJH:JCM