IN the MATTER OF APPLICATION OF Gerald T. SCHAETZ, Marilyn J. Schaetz his wife, and Mary Jo Beauchamp:

Gerald T. SCHAETZ, Marilyn J. Schaetz his wife, and Mary Jo Beauchamp, Petitioners-Appellants,

v.

TOWN OF SCOTT, Respondent-Respondent.

Court of Appeals

*No. 98–0841. Submitted on briefs August 19, 1998.—Decided September 22, 1998.*

(Also reported in 585 N.W.2d 889.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Michael H. Berken* of *Kaftan, Van Egeren & Gilson, S.C.*, Green Bay.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Dennis M. Duffy* of *Peterson, Wieting, Calewarts, Duffy & Maxwell*, Green Bay.

Before Cane, C.J., Myse, P.J., and Hoover, J.

MYSE, P.J.   Gerald and Marilyn Schaetz and Mary Jo Beauchamp appeal an order dismissing their petition to vacate a portion of a platted street adjacent to and abutting their real estate. The issue on appeal is whether the street vacating procedures of § 236.43(1)(a), STATS., are available to appellants notwithstanding the filing of an assessor's map. Appellants contend that ch. 236 allows them to vacate the street on the original subdivision plat pursuant to § 236.43(1), notwithstanding the existence of an assessor's map. Alternatively, they contend that there is a conflict between ch. 236 and § 70.27(1) and (8), STATS., which allows them to vacate the street pursuant to § 236.43(1), STATS., by amending the assessor's map.

Because an assessor's map was properly created, approved and recorded, the street vacating provisions of ch. 236, STATS., do not apply. The trial court dismissed the petition based on the conclusion that forty years had not elapsed from the filing of the assessor's map pursuant to the requirements of § 236.43(1)(a), STATS. The trial court erred by applying the street

vacating provisions of ch. 236 to the assessor's map but because ch. 236 does not apply to the petition, the petition must be dismissed. Because we conclude that the street vacating provisions of ch. 236 do not apply to assessor's maps, we affirm the judgment dismissing the petition to vacate the street on other grounds.

Appellants' real estate, located in Brown County, Wisconsin, is part of an original subdivision plat known as L.C. Schilling Plat of Point Comfort, which was recorded at the Brown County Office of the Register of Deeds in 1904. This same real estate is also part of a recorded assessor's map known as Town of Scott Assessor's Plat No. 3, which was recorded in the Brown County Office of the Register of Deeds in 1995. The real estate is adjacent to and abuts a platted roadway known as Oak Avenue. Appellants filed a petition to vacate that portion of Oak Avenue that is adjacent to their real estate pursuant to the provisions for vacating subdivision plats in §§ 236.40, 236.41, and 236.43, STATS. They alleged that, since the recording of the original subdivision plat in 1904, the portion of Oak Avenue adjacent to and abutting their property has never been improved as a street or other public way and that Oak Avenue is not necessary to reach other platted property. The trial court dismissed the petition after finding that the forty-year requirement of § 236.43(1)(a), STATS., had not been met when applied to the 1995 assessor's map.

Whether § 236.43(1)(a), STATS., applies to an assessor's map filed pursuant to § 70.27, STATS., or only to the original subdivision plat involves the interpretation and application of a statute, which is a question of law this court reviews de novo. *State ex rel. Sielen v. Milwaukee County Cir. Ct.*, 176 Wis. 2d 101, 106, 499

N.W.2d 657, 659 (1993). The goal of statutory construction is to ascertain the intent of the legislature. *Rolo v. Goers*, 174 Wis. 2d 709, 715, 497 N.W.2d 724, 726 (1993). To determine the intent of the legislature, we first look to the language of the statute itself. *In re J.A.L.*, 162 Wis. 2d 940, 962, 471 N.W.2d 493, 502 (1991). If the language is clear and unambiguous the terms of the statute will be applied in accordance with the language of the statute. *Id.* Only if there is an ambiguity do we resort to rules of construction, including resort to legislative history in an effort to determine legislative intent. *Id.*

■

This case involves two statutes that appellants contend conflict when considered together. In construing allegedly conflicting statutes, the court's duty is to attempt to harmonize them, if possible, and read them together in a way that will give each full force and effect. *City of Milwaukee v. Kilgore*, 193 Wis. 2d 168, 184, 532 N.W.2d 690, 697–98 (1995). The court will not construe statutes to work absurd or unreasonable results. *Cross v. Hebl*, 46 Wis. 2d 356, 361, 174 N.W.2d 737, 739 (1970).

Although unclear, appellants appear to argue that, notwithstanding the filing of the assessor's map, the street vacating provisions of ch. 236, STATS., may still be applied to the original subdivision plat. Alternatively, appellants' argument could be construed to mean that the street vacating provisions in ch. 236 can be used to modify an assessor's map. Both arguments fail because they are contrary to the unambiguous language of the applicable statutes.

We begin by describing the alleged statutory conflict. One of the requirements under § 236.43(1), STATS., for vacating streets in a subdivision is: "The

plat was recorded more than 40 years previous to the filing of the application for vacation or alteration . . . ." Section 236.43(1)(a), STATS. Furthermore, § 236.03(2), STATS., states:

> This chapter does not apply to cemetery plats made under s. 157.07 and assessors' plats made under s. 70.27, but such assessors' plats shall, except in counties having a population of 500,000 or more, comply with ss. 236.15(1)(a) to (g) and 236.20(1) and (2)(a) to (e), unless waived under s. 236.20(2)(L).

This language suggests that the street vacating provisions of § 236.43(1) do not apply to assessor's maps, from which the appellants contend that notwithstanding the filing of an assessor's map, the street vacating provisions of ch. 236, STATS., can still be applied to the original subdivision plat. Such a construction, however, fails to consider the legal effect of assessor's maps authorized under § 70.27, STATS.

Section 70.27(1), STATS., provides that a subdivision plat or part of a subdivision plat included in an assessor's plat shall be deemed vacated to the extent it is included in or altered by an assessor's plat. Furthermore, § 70.27(8), STATS., provides that once properly recorded and approved, an assessor's plat has the same effect for *all* purposes as if it were a subdivision plat made by owners in compliance with ch. 236, STATS. Appellants contend these provisions could be construed to mean that the street vacating provisions of ch. 236 could be applied to modify an assessor's map. Such a construction, however, fails to account for the requirement in § 236.03(2), STATS., that ch. 236, with certain exceptions, does not apply to assessor's maps.

We conclude that these statutes can be harmonized by reviewing their plain and unambiguous language along with other provisions of the chapters to which they belong without violating their plain meaning and still retaining their separate purposes. When examining a particular portion of a statute, we must consider it in light of the entire statute. *Elliott v. Employers Mut. Cas. Co.*, 176 Wis. 2d 410, 414, 500 N.W.2d 397, 399 (Ct. App. 1993). "[T]he entire section of a statute and related sections are to be considered in its construction . . . we do not read statutes out of context." *Brandt v. LIRC*, 160 Wis. 2d 353, 362, 466 N.W.2d 673, 676 (Ct. App. 1991).

We begin with ch. 236, STATS. Section 236.02(8), STATS., defines a "plat" as a map of a subdivision. Section 236.02(12), STATS., provides that a subdivision plat creates the division of land for sale and development. Further, § 236.03(2), STATS., excludes the application of the entire chapter (other than the exceptions not applicable here) to assessor's plats. Applying the clear and unambiguous language of these provisions, we must conclude that "plat" as the term is used in § 236.43(1)(a), STATS., can only refer to the subdivision plat. Such construction gives full force and effect to these sections.

Our analysis does not end here, however, because we must give full force and effect to the provisions of § 70.27, STATS. Section 70.27(1), STATS., authorizes a governing body to order an assessor's map when it cannot ascertain boundaries of land for tax purposes or when gross errors in description exist. Thus, the assessor's map serves an entirely distinct function from ch. 236, STATS., subdivision plats. Under § 70.27(8), STATS., an assessor's map assumes the same

effect for all purposes as a subdivision plat made by the owners in full compliance with ch. 236 and under § 70.27(1) the portion of a subdivision plat included in or altered by the assessor's map is deemed vacated. Pursuant to the clear and unambiguous language of these provisions, the assessor's map, once properly filed and recorded, becomes the operative document of record in the register of deeds.

██

In order to harmonize the interaction of these statutes and to retain their distinct function and purpose, we conclude that unless expressly authorized by statute, the street vacating provisions of ch. 236, STATS., apply to subdivision plats and that the provisions of § 70.27, STATS., apply to assessor's maps. Chapter 236 provides the authority for dividing parcels of land and dedicating their use. Section 70.27 provides that assessor's maps should only describe existing parcels of real estate. Our interpretation of the distinction and separateness of the interaction and application of these statutes is consistent with interpretations of several attorney general opinions. For example, in 61 Op. Att'y Gen. 25 (1972), the attorney general recognized that the procedure in § 236.295, STATS., for amending subdivision plats does not apply to assessor's maps. In 58 Op. Att'y Gen. 198 (1969), the attorney general recognized that only the enumerated provisions under § 236.03(2), STATS., apply to assessor's maps. Finally, in 35 Op. Att'y Gen. 437 (1946), the attorney general emphasized the separate functions and purposes of chs. 236 and 70, STATS. To retain this distinction we must conclude that ch. 236 cannot be used to modify an assessor's map.

Appellants' contention that, notwithstanding the filing of the assessor's map, the street vacating provisions of ch. 236, STATS., can still be applied to the

original subdivision plat cannot be sustained because it fails to consider the legal effect of a properly recorded assessor's map. Modification of the original subdivision plat subsequent to the filing of an assessor's map will have no legal effect because it is the assessor's map which sets forth the current land uses and boundaries. The contention that the street vacating provisions of ch. 236 can be used to modify an assessor's map also cannot be sustained. Such argument fails to consider § 236.03(2), STATS., prohibiting the application of ch. 236 to assessor's maps. Both arguments are contrary to the clear and unambiguous language of the applicable statutes.

Our holding does not leave a property owner seeking to vacate a street without a remedy. Chapters 66 and 80, STATS., contain provisions for vacating roadways. While the relationship between these statutes and ch. 70, STATS., is not before us, we note that there is no provision in ch. 70 which suggests these statutes do not apply to ch. 70. In addition, we recognize that as a result of this interpretation a property owner no longer has a statutory right to petition for street vacation after the filing of an assessor's map. Legislative change must be made if this statutory scheme does not reflect the legislature's intention.

The trial court's holding applying § 236.43(1), STATS., to the assessor's plat was error. The trial court dismissed the petition based on the conclusion that forty years had not elapsed from the filing of the assessor's map to the filing of the petition pursuant to the requirements of § 236.41(1)(a), STATS. While this is error, the petition must be dismissed because the street vacating provisions of ch. 236, STATS., are unavailable once the assessor's map is properly filed. We therefore affirm the trial court's order on other grounds.

*By the Court.*—Order affirmed.