STATE EX REL. EVJUE, Respondent, vs. WEATHERLY, Appellant.

*June 10—July 12, 1949.*

For the appellant there was a brief by *Spohn, Ross, Stevens & Lamb* of Madison, and oral argument by *Francis Lamb*.

For the respondent there was a brief by *Roberts, Roe & Boardman* of Madison, and oral argument by *W. Wade Boardman*.

A brief *amici curiae* was filed by *Kathryn H. Baldwin, Emily P. Dodge,* and *Beatrice Lampert,* all of Madison, as counsel for the League of Women Voters of Madison.

MARTIN, 'J.    The only question involved here is whether the police and fire commission of the city of Madison, which city is operating under the city-manager plan (ch. 64, Stats.), can legally appoint a nonresident and nonelector to the office of chief of police of said city.

Sec. 66.11 (1), Stats., upon which plaintiff relies, is as follows:

"66.11 *Miscellaneous.* (1) *Deputy sheriffs and police.* No person shall be appointed deputy sheriff or police officer of any county or city unless he is a citizen of the United States and shall have resided in this state continuously for one year immediately preceding.    This section shall not affect common

carriers, nor apply to a deputy sheriff not required to take an oath of office."

This section was enacted by ch. 158, Laws of 1915 (creating sec. 959—39m and renumbered sec. 66.11 (1) by ch. 396, Laws of 1921), and was enacted *prior* to the enactment of ch. 64 (created by chs. 75 and 353, Laws of 1919). In adopting the city-manager plan, the city of Madison organized under ch. 64, Stats., and became entitled to all the benefits thereof and subjected itself to all of the limitations.

Sec. 64.11 (3), Stats., provides:

"The city manager shall have the power to appoint all heads of departments, all subordinate city officials and all city employees and to remove such appointees at any time their services or the conduct of their offices becomes unsatisfactory to him; provided, that this subsection shall not be construed as depriving the board of fire and police commissioners of any city of all the powers conferred by section 62.13."

This subsection incorporated into the city-manager plan of government sec. 62.13, Stats., relating to police and fire departments of cities. Sec. 62.13 provides for a police and fire commission, gives said commission authority to appoint the chief of police and the chief of the fire department without limitation as to residence, gives the chiefs authority to appoint subordinate officers, and provides in general the rules and regulations regarding police and fire departments, including compensation, dismissals and re-employment, pension fund, etc. Sec. 62.13 (4) (d) contains the only reference as to residence and this applies to subordinate officers and reads ". . . with proper limitations as to residence, health, habits and character. . . ."

Sub. (3) of sec. 62.13, Stats., gives the board of police and fire commissioners the authority to appoint the chief of police and chief of the fire department instead of granting that authority to the city manager under sec. 64.11 (3). It does not in any way incorporate sec. 66.11 into the qualifications of

a chief of police under the city-manager form of government. In fact, it creates an exception to sec. 66.11.

Subs. (5) and (6) of sec. 64.11, Stats., provide:

"(5) All appointments shall be purely on merit and with a view to securing the best available appointee for the place. Due consideration shall be given to training, experience, ability, and general qualifications and fitness for performing the duties of the office and no weight or consideration shall be given to residence, nationality, or to political or religious affiliations.

"(6) Residence in the city or state shall not be a qualification for any such appointment."

In view of this clear and unambiguous language, there is no reason for giving any other interpretation than its natural meaning, and that is that residence in the city or state shall not be a qualification for any appointment by the city manager or by the board of police and fire commissioners (as is provided by reference in sec. 64.11 (3) to sec. 62.13, Stats.) in cities operating under the city-manager form of government (ch. 64, Stats.).

While it is considered that what has already been said affords ample grounds for the disposition of this case, it may not be out of place to call attention to the fact that the legislature has carefully distinguished between chief of police and police officers, as witness the following examples:

Ch. 62, Stats., is the general charter law applying to all cities except of the first class.

Sec. 62.09 (1), Stats., provides: "The officers shall be a mayor, . . . *chief of police,* . . ."

Sec. 62.09 (2) (a), Stats., provides: "No person shall be elected by the people to a city office who is not at the time of his election a citizen of the United States and of this state, and an elector of the city, . . ." This subsection is not applicable to the chief of police who is an appointive officer.

Sec. 62.13 (3), Stats., provides: "The board shall appoint the *chief of police* and the chief of the fire department, who

shall hold their offices during good behavior, subject to suspension or removal by the board for cause."

Sec. 62.13 (4) (a), Stats., provides: "The *chiefs* shall appoint *subordinates* subject to approval by the board. . . ."

Sec. 62.13 (4) (b), Stats., provides: "Any person who, on June 23, 1943, shall have served and acted as a full-time *city police patrolman* or *police officer* performing the services by virtue of regular assignment therefor under the orders and supervision of the *chief of police* of said city, . . ."

Sec. 62.13 (5) (b), Stats., provides: "The board or the *chief* may suspend a *subordinate* for cause. . . ."

Sec. 62.13 (5) (c), Stats., provides: "Every person, *chief* or *subordinate,* against whom charges are filed shall be entitled to a copy thereof. . . ."

Sec. 62.13 (7), Stats., provides: "The salaries of *chiefs* and *subordinates* shall be fixed by the council. . . ."

Sec. 62.13 (7n), Stats., provides: "The council of every city of the second, third or fourth class, shall provide for a working day of not more than eight hours in each twenty-four . . . and when such emergency ceases to exist, all overtime given during such emergency, shall be placed to the credit of such *policeman,* . . ."

Under the commission form of government by the provisions of sec. 63.12 (2), Stats., all boards or commissions, except the board of police and fire commissioners, may be dispensed with leaving the appointment of chief of police with the board of police and fire commissioners.

The provisions of ch. 64, Stats., relating to the city-manager plan, have already been referred to but it is worthy of note that under that chapter the police and fire commissioners cannot be dispensed with. By sec. 64.11 (1) the city manager appoints all heads of departments and all subordinate city officials. Under the provisions of sec. 62.13, which are preserved in the commission form of city government, it is

provided by sub. (4) (a) : "The *chiefs* shall appoint *subordinates* subject to approval by the board."

It is considered that under the provisions of sec. 66.11 (1), Stats., upon which the relator relies and which has been already set out, that the legislature intended that the term *police officer* should refer to subordinates and does not include the chief of police. Wherever in the charter law of cities it is intended to include the chief of police in regulations which also relate to *subordinates* or *police officers,* the *chief of police* is specially mentioned. This position is further supported by the fact that in sec. 66.11 itself the distinction between the sheriff and deputy sheriff is preserved. It was the evident intention that the commanding officer of the sheriff's department and the commanding officer of the police department should not be included in sec. 66.11.

It is clear from the above that the legislature distinguished between chief of police and police officers, and any further discussion of authorities cited and arguments advanced by plaintiff would serve no useful purpose.

*By the Court.*—Order reversed, and cause remanded with instructions to enter a judgment dismissing plaintiff's complaint.