This is an appeal by the defendants from an order, dated March 28, 1949, overruling the demurrer interposed by the defendants to the amended complaint of the plaintiff. The action was commenced on December 21, 1948.
The chief of police of the city of Madison notified the police and fire commission that he was to retire as of January 1, 1949. On August 13, 1948, the city council passed a resolution appropriating $500 to the police and fire commission for the purpose of defraying traveling expenses incurred by applicants for the position of chief of police.
Bruce Weatherly from San Antonio, Texas, who was subsequently appointed to the position and entered upon his duties on January 1, 1949, a man from Kansas City, Missouri, and a man from Wichita, Kansas, were among the applicants. These three candidates, none of whom was a resident or elector of Wisconsin, were informed that if they came to Madison for an interview, they would be reimbursed by the city of Madison for the traveling expenses they incurred. They came to Madison and were interviewed by the police and fire commissioners along with local candidates for the position. The *Page 233 
three out-of-state candidates submitted expense vouchers involving some $316.
The plaintiff, through his attorney, informed the city treasurer and city clerk by mail that he would contest payment of such vouchers and, as a result thereof, the payments thereon were held up.
This action was commenced to enjoin the disbursement of city funds to pay the vouchers submitted. The complaint was subsequently amended by stipulation to allege that the claim of ineligibility of the three out-of-state candidates and the illegality of payment of any such expenses was based on the fact that at the time of their interviews and on January 1, 1949, when the new appointee did assume the position of chief of police, said three candidates were not and could not be electors of the state of Wisconsin, nor have been residents of the state of Wisconsin continuously for one year immediately preceding.
To that complaint as amended, the defendants filed a general demurrer.
This case was argued at the same time as State ex rel. Evjue v.Weatherly, ante, p. 225, 38 N.W.2d 472, and the court has held in that case that a chief of police may be appointed by the board of police and fire commissioners in a city operating under the city-manager form of municipal government without giving consideration to residence.
It follows, therefore, that the three out-of-state candidates interviewed were eligible to be appointed chief of police, and that their expenses of coming to Madison for interviews, which *Page 234 
have been approved by the board of police and fire commissioners, should be paid by the city.
By the Court. — Order reversed, and cause remanded with directions to dismiss plaintiff's complaint.