HOWARD G. BJORKLUND, Administrator Division of Law EnforcementServices Department of Justice
You have requested my opinion concerning the validity of requiring United States citizenship as a prerequisite to employment as a police officer. In particular, you request my opinion on the constitutionality of sec. 66.11 (1), Stats., which provides in pertinent part:
 "No person shall be appointed deputy sheriff of any county or police officer for any city unless he is a citizen of the United States . . . ."
It is my conclusion that the citizenship requirement of sec. 66.11 (1), Stats., violates the Fourteenth Amendment of the United States Constitution and is, therefore, unconstitutional when applied to resident aliens. Although every presumption must be indulged *Page 274 
to sustain a law if at all possible, Ortman v. Jensen and JohnsonInc. (1975), 66 Wis.2d 508, 521, 225 N.W.2d 635, the state must have a compelling interest to justify any law which discriminates against a "suspect classification." Alienage is a suspect classification. Graham v. Richardson (1971), 403 U.S. 365,31 S.Ct. 1848, 29 L.Ed.2d 534. Given the existing federal case law I am unable to fashion a tenable argument in support of the statute.
In 64 OAG 65 (1975) I concluded that statutes requiring citizenship as a condition of being a practical nurse were unconstitutional because they deprived resident aliens of benefits mandated by the Fourteenth Amendment. Since the applicable law is discussed in detail in that opinion, I will not repeat the discussion. For present purposes, it is sufficient to note that the Supreme Court has held that a citizenship requirement could permissibly apply to:
 ". . . persons holding state elective or important nonelective executive, legislative, and judicial positions, for officers who participate directly in the formulation, execution, or review of broad public policy perform functions that go to the heart of representative government." Sugarman v. Dougall (1973), 413 U.S. 634, 647, 37 L.Ed.2d 853, 93 S.Ct. 2842.
Therefore, the only question remaining is whether police officers come within the exception noted in Sugarman. I conclude they do not.
Although police officers exercise discretion in performing their duties, it can hardly be said they participate directly in formulating or reviewing questions of broad public policy. This conclusion is substantiated by reference to sec. 62.13 (3), Stats., concerning the appointment of chiefs of police. Section62.13 (3) does not require chiefs of police to be citizens. Since our court has held in State ex rel. Evjue v. Weatherly (1949),255 Wis. 225, 228, 38 N.W.2d 472, that sec. 62.13 (3) "does not in any way incorporate section 66.11 into the qualifications of a chief of police," it is clear that chiefs of police in Wisconsin need not be United States citizens. It is impossible to conclude that citizenship is essential to the quality of police officers but not essential to the chief who has a broader policy function. *Page 275 
It is likewise impossible to conclude that citizenship is necessary to ensure loyalty. The Supreme Court has held that a state may not require citizenship as a prerequisite to taking a bar exam, even though attorneys are "officers of the court." Inre Griffiths (1973), 413 U.S. 717, 37 L.Ed.2d 910, 93 S.Ct. 2851. The quality and loyalty of police officers, like that of attorneys, can be maintained by character investigation and continued evaluation after hiring.
The state's interests in the quality and loyalty of its police officers are adequately protected by providing for an examination of physical and educational qualifications, habits, reputation and experience. Sec. 62.13 (4) (c) and (d), Stats. The Law Enforcement Standards Board has also prescribed minimum qualifications for recruitment including age, educational requirements, possession of a driver's license, and good physical and emotional health. Wis. Adm. Code Chapter LES 2. Since standards and procedures already exist for ensuring competent, loyal police officers, the broad exclusion of a whole class is clearly unnecessary.
I would also note that sec. 62.13 (41 (d), Stats., requires, among other things, that the competitive examination for police officer positions "shall be free for all citizens of the United States." In light of my conclusion that citizenship is unnecessary to maintaining the quality of police officers, I must also conclude that the competitive examination may not exclude resident aliens. The Supreme Court has recently found a Civil Service Commission regulation barring noncitizens from taking a required competitive examination to be in violation of theFifth Amendment. Hampton v. Mow Sun Wong (1976), 96 S.Ct. 1895,48 L.Ed.2d 495. It is clear from the court's discussion that an equivalent state regulation would violate theFourteenth Amendment. Hampton, at 96 S.Ct. 1911.
Since I have concluded that those portions of secs. 66.11 (1) and 62.13 (4) (d) that require citizenship as a prerequisite to becoming a police officer are violative of theFourteenth Amendment, any Law Enforcement Standards Board rule requiring citizenship as a standard of eligibility would also be unconstitutional. It is my opinion that you should disregard the *Page 276 
citizenship requirements in sec. 62.13 (4) (d) and sec. 66.11 (1), Stats., as it applies to resident aliens.
BCL:AML